UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| LANDON MONDRAGON,<br><br>                          Plaintiff,<br><br>- against -<br><br><br>NOSTRAK LLC; KASEY KING<br><br>                          Defendants. | Docket No. 1:19-cv-01437<br>(CMA-NRN) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT KASEY KING'S MOTION TO DISMISS**

Plaintiff Landon Mondragon ("Plaintiff" or "Mondragon"), via counsel, respectfully submits this memorandum of law in opposition to Defendant Kasey King's motion to dismiss the case.

Defendant has moved to dismiss on two purported grounds: "Rule 11(b) Sanctions" and "Conduct of Council [sic]." For the following reasons, the motion should be denied because neither ground cited by Defendant supports a motion to dismiss.

## STATEMENT OF FACTS

Mondragon is a professional photographer [Amended Complaint ("Am. Compl.") ¶5] Nostrak is domestic limited liability company which operates its Instagram page at the URL: www.Instagram.com/Nostrak (the "Website"). [Am. Compl. ¶6] Defendant King is an individual and the managing member of Nostrak or otherwise supervises and controls the activities of Nostrak. [Am. Compl. ¶7]

Mondragon photographed models (the "Photographs"). [Am. Compl. ¶ 8] Mondragon is

the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto. [Am. Compl. ¶9] The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-149-814. [Am. Compl. ¶10]

Defendants ran the Photographs on the Website to promote their brand. [Am. Compl. ¶11] Defendants did not license the Photographs from Plaintiff for its Website, nor did Nostrak have Plaintiff's permission or consent to publish the Photographs on its Website. [Am. Compl. ¶12]

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(c), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss, courts "must accept all the well-pleaded allegations as true and must construe them in the light most favorable to the plaintiff." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir.1994). A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(c) only "if the plaintiff can prove no set of facts to support a claim for relief." *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir.1995).

## ARGUMENT

**POINT I:**   **DEFENDANT FAILED TO COMPLY WITH THE SAFE HARBOR PROVISION OF RULE 11(c)(1)(A)**

2

Defendant moves for Rule 11(b) sanctions.  This motion should be denied as procedurally defective.

Federal Rule of Civil Procedure 11 provides, in pertinent part, as follows:

(c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) **How Initiated.**

(A) **By Motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. * * *

Fed.R.Civ.P. 11(c).

"[T]he plain language of subsection (c)(1)(A) requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion." *Roth v. Green*, 466 F3d 1179, 1192 (10th Cir. 2006).

Here, Defendant has failed to comply with the "safe harbor" provisions outlined in Rule 11(c)(1)(A). That subsection states that motions for sanctions "shall be served ... but not filed with or presented to the court unless, within 21 days after service of the motion" the challenged pleadings or claims have not been "withdrawn or appropriately corrected." *Roth*, 466 F3d at 1191-92 ("defendants' letters were not sufficient to satisfy the requirements of subsection (c)(1)(A), and thus the district court abused its discretion in granting defendants' motions for Rule 11 sanctions."). For that reason alone, any motion premised on Rule 11 should be denied.

In any event, other than citing unrelated cases where plaintiff's counsel was sanctioned, there is no record evidence that Mr. Liebowitz has engaged in misconduct in the instant case.

**POINT II:   THE CONDUCT OF PLAINTIFF'S COUNSEL IN UNRELATED CASES IS NOT A BASIS FOR DISMISSAL OF A MERITORIOUS CLAIM**

Defendant's motion to dismiss is largely predicated on the argument that because Plaintiff's counsel has been sanctioned in other unrelated matters, that dismissal is warranted as a matter of law.  This motion should be denied.

Defendant has failed to explain or otherwise present any evidence relating to the conduct of Mr. Liebowitz in the present action.  Other than citing unrelated cases, Defendant has provided no legal or factual basis upon which to grant the relief sought.

As a matter of well-established jurisprudence, the "court should decide a controversy on its merits whenever possible." *Frutiger v. Hamilton Cent. Sch. Dist.*, No. 90-CV-303, 1993 WL 358480, at *5 (N.D.N.Y. Sept. 9, 1993), *dismissed sub nom. Frutiger v. Hamilton Cent.*, 28 F.3d 102 (2d Cir. 1994).  Indeed, "there is a preference in the Federal Courts to decide cases on their merits, rather than on technical or procedural grounds." *Camp v. Colvin*, No. 14-CV-6143T, 2014 WL 6474630, at *2 (W.D.N.Y. Nov. 19, 2014); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."); *Gonzalez v. City of New York*, 104 F. Supp. 2d 193, 195 (S.D.N.Y. 2000) ("it is the preference in this Circuit to decide cases on the merits rather than by default"); *Fappiano v. MacBeth*, No. 309-CV-00043CSH, 2010 WL 1839946, at *2 (D. Conn. May 7, 2010) (noting "the well-established preference for resolving cases on their merits").

In short, Mr. Liebowitz's alleged conduct in other cases do not support a motion to dismiss plaintiff's claim in this action.  Consistent with public policy and the Article III function, this case should be decided on the merits.

**POINT III:    PLAINTIFF HAS SUFFICIENTLY PLED A CLAIM FOR COPYRIGHT INFRINGEMENT**

Defendant has barely addressed the merits of Plaintiff's claim, which should warrant denial of the motion to the extent it is based on Rule 12(b)(6).  A defense based on failure to state a claim must be directed to the pleading.  *See Eclaire Advisor Ltd. v. Daewoo Engineering Co.*, 375 F.Supp.2d 257, 260 (S.D.N.Y. 2005).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Further, the existence of a meritorious affirmative defense does not equate to failure to state a claim upon which relief may be granted.  *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir.2004).

Here, Plaintiff's amended complaint sets forth a plausible set of facts to support each element of his copyright infringement claim. *See* Am. Compl.,  ¶¶ 8-10 (ownership and validity of copyright); ¶¶ 11-12 (Defendant's unauthorized copying of Plaintiff's work).   As such, Defendant's motion to dismiss, to the extent it is based on Rule 12(b)(6), should be denied.

**POINT IV:    THE COURT SHOULD AWARD PLAINTIFF HIS ATTORNEYS' FEES**

The Court has the inherent power to impose sanctions based on bad faith conduct.

5

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

Here, the Court should award Plaintiff his attorneys' fees for being forced to incur the time and expense to file an opposition brief to the present motion. As illustrated above, Defendant has failed to present any legal or factual basis upon which to dismiss the Plaintiff's well-pleaded complaint. Thus, an inference of bad faith is warranted. *See Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 391 (2d Cir. 2003) (noting that a particular legal argument forms the basis for sanctions where it is "patently contrary to existing law").

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and Rule 11 should be DENIED and Plaintiff's request for attorneys' fees should be GRANTED.

Dated: December 24, 2019
Valley Stream, New York

                                                    Respectfully Submitted:

                                                    **/richardliebowitz/**
                                                    By: Richard Liebowitz
                                                    LIEBOWITZ LAW FIRM, PLLC
                                                    11 Sunrise Plaza, Ste. 305
                                                    Valley Stream, NY 11580
                                                    (516) 233-1660
                                                    F: (516) 612-2740
                                                    rl@liebowitzlawfirm.com

                                                    *Counsel for Plaintiff*