IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01437-CMA-NRN

LANDON MONDRAGON,

Plaintiff,

v.

NOSTRAK LLC and
KASEY KING

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT KASEY KING'S MOTION TO DISMISS (DKT. #26)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before me pursuant to an Order (Dkt. #27) issued by Judge Christine M. Arguello referring Defendant Kasey King's Motion in a Civil Action [Motion to Dismiss]. Dkt. #26. Plaintiff Landon Mondragon filed a response (Dkt. #29), and on February 6, 2020, I heard argument on the subject motion. *See* Dkt. #30. In connection with argument on Defendant's motion to dismiss, and with the consent of the parties, I engaged in *ex parte* settlement discussions in an effort to resolve the matter. Those discussions did not result in settlement, and therefore a recommendation on the motion to dismiss is required.

I have taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, I **RECOMMEND** that the subject motion be **DENIED**.

**Background**

This is a copyright infringement action. Plaintiff alleges in his Amended Complaint (Dkt. #19) that Mr. King and his hat business, Nosrak LLC ("Nosrak")[1], published on Instagram, without Plaintiff's license, permission, or consent, five of Plaintiff's photographic images, each of which depicts a clothed female model wearing a hat. Plaintiff requests actual damages, an accounting for "all profits, income, receipts, or other benefits" from the infringement, and an award of costs, expenses, and attorneys' fees. Alternatively, Plaintiff seeks "statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504."

On December 10, 2019, Mr. King[2], proceeding pro se[3], moved to dismiss the Amended Complaint under Rule 11(b) and due to the conduct of counsel, claiming in part that Plaintiff's counsel, Mr. Richard Liebowtiz "neglected to properly review the facts of the case." *See* Dkt. #26. Mr. King claims Mr. Liebowitz, violated Rule 11(b) because the model depicted in the photographs, Jessica Moore, not the Plaintiff, actually owns the rights to the photographs at issue. The Court also interprets Mr.

---

[1] The caption of this case lists the entity defendant as "Nostrak, LLC." As Mr. King pointed out at the argument on the motion to dismiss, this is incorrect. The only entity that Mr. King ever formed is called "Nosrak, LLC," not "Nostrak." To the extent the lawsuit has been filed against an entity called Nostrak, LLC, the Plaintiff has sued the wrong company.

[2] Mr. King was informed at the hearing on the subject motion that the business entity defendant cannot proceed without attorney representation. *See Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a nonattorney corporate officer appearing pro se."(10th Cir. 2001); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (collecting cases). Thus, should Plaintiff amend to identify the correct company, Nosrak will have to retain an attorney.

[3] As a pro se litigant, the Court reviews Mr. King's "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, his pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

King's motion as a request for dismissal under Rule 12(b)(6) because it argues, in part, that Plaintiff has failed to state a factual claim.

**Mr. King's Arguments**

As Mr. King explained in more detail at the hearing on the motion to dismiss, he is a professional automotive mechanic, working in Fort Collins, Colorado. With a friend, Mr. King hoped to start a side business designing and selling stylish hats. Mr. King encountered Ms. Moore, a model, who agreed to provide Mr. King and his budding business, Nosrak, with a few images of Ms. Moore wearing Mr. King's hats. Compensated with a hat, Ms. Moore delivered the five images at issue, which Mr. King asserts he received via digital files that included Ms. Moore's personal metadata, not the metadata of Plaintiff Mondragon. Mr. King further explained that he had only registered Nosrak with the Colorado Secretary of State for the purpose of obtaining a business license to sell his hats at sidewalk sales or fairs in the City of Fort Collins. Once he received the threatening letter and lawsuit alleging copyright infringement, Mr. King dissolved Nosrak out of fear that the lawsuit would ruin him. He also deleted the allegedly infringing Instagram page. So, in part, Mr. King's argument for dismissal is that Plaintiff and his counsel have the facts wrong—the allegedly infringing photos belong to the model, Ms. Moore, and if they do not, then Mr. King and his company were, at most, innocent infringers.

Mr. King also accuses Plaintiff's counsel, Mr. Liebowitz, of being a "copyright troll" and quotes extensively from courts in other federal districts that have criticized or sanctioned Mr. Liebowitz for his litigation conduct in similar copyright cases. For example, Mr. Liebowtiz was recently held in contempt of court by the United States

District Court for the Southern District of New York. *See Berger v. Imagina Consulting, Inc.*, Case No. 7:18-cv-08956-CS, (S.D.N.Y. Nov. 13, 2019) (Minute Entry for proceedings held before Judge Cathy Seibel where the court declined to vacate the findings of contempt based on failure to produce death certificate and failure to pay contempt sanctions, finding that Mr. Liebowitz willfully lied to the court and willfully failed to comply with lawful court orders). Other courts have sanctioned Mr. Liebowitz for his failure to follow basic courtroom procedures and rules, including for suing in locations where there was obviously no personal jurisdiction over the defendant. And another judge in the Southern District of New York, the Honorable Denise Cote, has publicly branded Mr. Leibowitz a "copyright troll" for his firm's practice of filing hundreds of cases asserting claims of copyright infringement allegedly "focused on obtaining quick settlements priced just low enough that it is less expensive for the defendant to pay the troll than defend the claim." *McDermott v. Monday Monday, LLC*, No. 17-cv-9230-DLC, 2018 WL 5312903 at *2 (S.D.N.Y. Oct. 26, 2018) (citing numerous cases where lawsuits filed by Mr. Liebowitz have been dismissed, settled, or otherwise disposed of before any merits-based litigation).

     Mr. Liebowitz, for his part, has defended his litigation tactics as good faith efforts by an attorney to enforce the Copyright Act on behalf of individual, working-class photographers whose only recourse for the misappropriation of their art is the filing of a federal copyright action. In a letter from his own personal counsel to the court in the contempt matter cited above, Mr. Liebowitz is described as "an avid photographer," whose law practice "has been devoted exclusively to protecting and enforcing the copyrights of freelance photographers under the federal copyright statute, 17 U.S.C.

U.S.C. §1 *et seq.*" "[H]e obviously fills a need in the ranks of freelance photographers who struggle to make ends meet financially while their work is often used by commercial entities, mostly media companies, without permission or compensation. And despite the volume of his practice, his clients have never filed a grievance against [Mr. Liebowitz] or complained about representation they received from Richard or his firm." *Berger, supra*, Dkt. #61 (S.D.N.Y. Nov. 14, 2019). The President of the New York Press Photographers Association, Bruce Cotler, wrote to the court in the same case in support of Mr. Leibowitz, explaining that Mr. Liebowitz had heard "from helpless members of the organization how major media companies would infringe on their work without paying a fee" and became determined to help. Association President Cotler recounted that he had "personally used [Mr. Liebowitz] to collect on infringed-upon photos that [President Colter] had shot. . . [and knows] from experience that he is a very committed lawyer looking to do right by his clients." *Id.,* Dkt. #61 at 11–12.

After recounting Mr. Liebowitz's various sins in other cases, Mr. King concludes his motion to dismiss with the plea that this "frivolous case should be immediately dismissed after reviewing the numerous indiscretions fallowed [sic] out by Mr. Liebowitz."

**Analysis**

Rule 11 does not provide grounds for dismissing this case. Under Rule 11(b), an attorney submitting to the court "a pleading, written motion, or other paper . . . certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." If an attorney violates Rule 11(b), "the court may impose an appropriate sanction." Rule 11(c)(1). "A motion for

5

sanctions must be made separately from any other motion and must "describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P 11(c)(2). Moreover, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* Mr. King did not file a separate motion for sanctions or demonstrate that he complied with the requirements of Rule 11(c)(2).

Neither does Rule 12(b)(6) provide a basis for dismissal. Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this instance, the ownership of the photographs is plainly a disputed issue of fact to be resolved on summary judgment or at trial. At this early stage, the Court must accept as true Plaintiff's allegation that he "is the author of the Photographs and has at

all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto."

Finally, Mr. King provides no authority that would permit the Court to dismiss *this* action based on Mr. Liebowitz's alleged malfeasance in *other* cases. Mr. King does not allege that Mr. Liebowitz has committed discovery misconduct, ignored court orders, or done anything else sanctionable under Rule 11 *in this case*. If Plaintiff or his counsel had done so, or if they do in the future, the rulings by other courts will very likely be relevant, but they presently are not. The Court agrees with Plaintiff that this case should proceed.

**Plaintiff's Request for Fees is Denied**

Plaintiff, in his response to Mr. King's Motion to Dismiss, requests an award of attorneys' fees for having to respond to the subject motion. At the Motion Hearing, the Court denied this request.

First, D.C.COLO.LCivR 7.1(d) states, "A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." Plaintiff failed to comply with this rule, and that alone is grounds to deny the request.

Second, Mr. King is not a lawyer. The Motion to Dismiss, while legally insufficient, was not filed in bad faith. It is understandable, if incorrect, for a pro se litigant, in reviewing Mr. Liebowitz's background, to believe that his history of reprimands and sanctions in similar copyright cases might be relevant and/or constitute a defense to the case at bar. Similarly, Mr. King's explanation of how he came to acquire and innocently publish the photographs, while not a sufficient ground for

7

dismissal at this stage, was not made in bad faith. The explanation also provided important information for potential settlement discussions—information that Mr. Liebowitz perhaps should have learned from Mr. King while doing due diligence in advance of filing this lawsuit.

Finally, as noted, the Court, *sua sponte*, conducted settlement negotiations at the hearing and encouraged the parties to settle this case. Should the matter not settle promptly, the Court would consider recommending the appointment of pro bono counsel to represent Defendants if they were to file a motion seeking such an appointment. Mr. King has represented that he does not have the resources to hire a lawyer to represent himself or his now-dissolved entity. The Court generally has found appointment of counsel for a pro se party helpful to both the court and to the adversary who is represented by counsel. In addition, based on the representations of the parties, this is a dispute that, if it goes to trial, would have fact issues the would need to be decided. These issues would include, at minimum, for example, the claimed innocence of Mr. King in posting the allegedly infringing photographs, which, by law, would be a basis for reducing the statutory penalty potentially to just $200 per infringement. *See* 17 U.S.C. 504(c)(2) (if the court finds that "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200").

Accordingly, it is hereby **RECOMMENDED** that Defendant Kasey Kings' Motion to Dismiss (Dkt. #26) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colorado Dep't of Corrections***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: February 7, 2020
Denver, Colorado

N. Reid. Neureiter
United States Magistrate Judge