IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON

    Plaintiff,

v.

NOSRAK LLC and KASEY KING

    Defendants.

**MOTION TO DISMISS CLAIM AGAINST DEFENDANT KASEY KING PURSUANT TO RULE 12(b)(6)**

## I. INTRODUCTION

**COME NOW** Defendant Kasey King ("King"), by and through counsel, hereby moves to dismiss Plaintiff's sole claim for relief against him, *see Am. Compl.* [#20], because Plaintiff has not provided any factual allegations whatsoever regarding Defendant King. Because Plaintiff has provided no factual basis for attaching liability to Defendant King, the claim against him should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, Defendants request the Court order Plaintiff to pay attorneys' fees and other costs.

## II. BACKGROUND

On May 20, 2019 Plaintiff filed his original Complaint before this Court. *See Compl.* [#1]. In that initial complaint, alleging copyright infringement, Plaintiff listed only Nosrak, LLC ("Nosrak") as a defendant. Defendant Nosrak, which submitted its articles of incorporation with the State of Colorado on April 19, 2019 specializes in designing and manufacturing designer hats. *See Answer* [#23] at 4.

On September 23, 2019, several months after filing his initial Complaint, Plaintiff filed an Amended Complaint, adding Mr. King as a defendant. *See Am. Compl.* [#20]. Aside from adding Mr. King as a party to the suit, however, the two documents are nearly identical. Notably, under the "Statement of Facts" section, the only difference consists of changing the "Nosrak" to "Defendants."

On December 10, 2019, Defendant King, at the time unrepresented by counsel, submitted a Motion to Dismiss [#26] on the grounds that Plaintiff's counsel, Richard Liebowitz, had failed to conduct a reasonable inquiry into the facts of the present case before bringing suit. That Motion was denied on the Recommendation of this Court on February 25, 2020. *See Order* [#32]. However, in that same order, the presiding judge, the Honorable Christine Arguello, *sua sponte* ordered that the Clerk of the Court appoint counsel to represent Defendants in this civil matter. *Id.* The undersigned counsel entered appearance two days later, on February 27, 2020. *See Notice of Entry of Appearance* [#34].

### III. STANDARD OF REVIEW

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff [has] not nudged [his] claims across the line from conceivable to

plausible*.*" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id*. (citation omitted). As the Tenth Circuit Court of Appeals has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### IV. ARGUMENT

In order to sustain his claim against Defendant King individually, Plaintiff's complaint must include "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677. Here, Plaintiff has provided absolutely zero factual content regarding Defendant King's role in the alleged misconduct. In fact, the only allegation made about Mr. King is that he is the "managing member of Nostrak [sic]," but even this is incorrect. *See Am. Compl.* [#20] ¶ 7; *compare Answer* [#23] at 9.  Defendant King was merely the registered agent of Nosrak, and "does not himself supervise or control the activities of Nosrak." *Answer* at 9.

Comparing the initial Complaint [#1] with the Amended Complaint [#20] reveals the extent to which Plaintiff has failed to support the addition of Mr. King as a party to this suit. But for the addition of Paragraph 7, which incorrectly states that Mr. King was the managing member of Nosrak, the two documents are nearly identical. Notably, under the Statement of Facts section, the only changes made were replacing "Nosrak" with "Defendants".

Accordingly, Plaintiff has not provided any factual content connecting Defendant King with the copyright infringement allegedly committed by Defendant Nosrak. At best, the Amended Complaint contains only "labels and conclusions" and "tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677 (internal quotation marks omitted). Therefore, the Amended Complaint does not provide "plausible grounds that discovery will reveal evidence to support plaintiff's allegations," *Shero*, 510 F.3d at 1200 (internal quotation marks omitted).

Rather, Plaintiff seemingly bases his claim against Mr. King simply on the fact that he was an officer of Nosrak. Even assuming, for the purposes of this motion, that Defendant Nosrak is liable for copyright infringement, *see Mobley*, 40 F.3d at 340 (explaining that for the purposes of a 12(b)(6) motion, the allegations are presumed to be true), the existence of a relationship between Nosrak and Mr. King is insufficient to support a claim against Defendant King individually. The reason is simple: it is a universal tenet of corporate law that, barring extraordinary circumstances,

a director or officer of a limited liability corporation cannot be held personally liable for any allegedly tortious actions committed by the corporation. *See* Colorado Business Corporations Act, *C.R.S.* § 7-101-101, *et seq.*; *see also 3A Fletcher Cyclopedia of the Law of Corporations* § 1158 ("The mere fact of being an officer or director of an infringing corporation will not make one personally liable."). Thus, without any additional factual allegations on which to rebut this presumption of indemnity, there is nothing in the Amended Complaint [#20] which supports bringing a claim against Defendant King.

Accordingly, Plaintiff has failed to raise a claim upon which relief may be granted, and the action should be dismissed as it relates to Defendant King individually.

## V. CONCLUSION

For the foregoing reasons, Defendants request that the Court grant the Motion and dismiss the claim against Defendant King, pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, should the Court grant the Motion, Defendants request that the Court order that Plaintiff to pay attorney's fees and costs.

Dated: March 16, 2020　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Daniel J. Williams*
　　　　　　　　　　　　　　　　　　　　　　Thomas E.M. Werge (Colo. Reg. #42726)
　　　　　　　　　　　　　　　　　　　　　　Daniel J. Williams (Colo. Reg. #52568)
　　　　　　　　　　　　　　　　　　　　　　WERGE LAW LLC
　　　　　　　　　　　　　　　　　　　　　　110 Sixteenth Street, Suite 1400
　　　　　　　　　　　　　　　　　　　　　　Denver, CO 80202
　　　　　　　　　　　　　　　　　　　　　　Telephone: 720-507-5008
　　　　　　　　　　　　　　　　　　　　　　Fax: 303-586-4900
　　　　　　　　　　　　　　　　　　　　　　tom@werge.law
　　　　　　　　　　　　　　　　　　　　　　dan@werge.law
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of March, 2020, I have caused a true and correct copy of the foregoing **MOTION TO DISMISS** to be filed via CM/ECF, which will serve such upon:

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580-6111
*Attorney for Plaintiff*

    */s/ Peggy Quines*
    Peggy Quines, Paralegal