IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON

    Plaintiff,

v.

NOSRAK LLC and KASEY KING

    Defendants.

## MOTION FOR LEAVE TO ASSERT CLAIMS AGAINST THIRD PARTY DEFENDANT JESSICA MOORE

**COMES NOW** Defendants Nosrak LLC ("Nosrak") and Kasey King ("King"), by and through counsel, respectfully request the Court grant them leave to file a Third Party Complaint and adopt the attached Third Party Complaint Against Jessica Moore, *see* Exhibit 1, as the operating complaint against the proposed Third Party Defendant, Jessica Moore ("Moore").

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1A

The undersigned spoke with Plaintiff's counsel, Richard Liebowitz, via telephone on March 10th, 2020 regarding the present motion. Mr. Leibowitz indicated that Defendant may be open to not opposing the addition of the third party defendant. Undersigned further attempted follow up with Plaintiff's counsel via email on March 11, 2020, and March 13, 2020. Defendant's counsel has not responded. At this time, it is not certain whether Defendant opposes the relief requested.

## I. BACKGROUND

This case involves a single claim of alleged copyright infringement by Defendants against Plaintiff Landon Mondragon. The photographs at issue depict Ms. Moore wearing Defendants' designer hats in various locations in Arizona (the "Photographs") and were posted to Defendant's Instagram account (the "Website"). Plaintiff avers that he is the sole owner of the Photographs, and that Defendants posted them on the Website without his permission. However, as the proposed third-party complaint makes clear, Defendants used the Photographs with the express permission of Ms. Moore, who represented to Defendants that she was the owner of the photographs and, accordingly, held the copyright thereto. Given the centrality of the Photographs ownership to the proper disposition of Plaintiff's claim, it is critical that Ms. Moore be added to this case as a third party defendant.

## II. STANDARD OF REVIEW

A defending party may bring in a third party defendant pursuant to Fed. R. Civ. P. 14(a). The Tenth Circuit Court of Appeals has held that the purpose of Rule 14 is "to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits[,]" and that the "rule should be liberally construed to effectuate its intended purposes." *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954). Whether a court grants leave for a defendant to prosecute a third party under Rule 14 rests in the sound discretion of the trial court. *First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777-78 (10th Cir. 1992).

In exercising this discretion, courts consider several factors, including: (1) the benefits of a single action versus prejudice to the other party and confusion; (2) the timeliness of the request and prejudice to the plaintiff in delay; (3) whether the main case would unnecessarily expand in

- 2 -

scope; (4) whether impleading new parties would unduly delay or complicate the trial; and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints. *See, e.g.*, *Digital Ally, Inc. v. Z3 Tech., LLC*, No. 09-2292-KGS, 2011 WL 723039, at *4 (D. Kan. Feb. 23, 2011) (citing *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003)).

## III. ARGUMENT

Applying the aforementioned factors to the present case reveals that it would be easily within the Court's discretion to add Ms. Moore as a third party defendant in this matter. The proper disposition of Plaintiff's claim against Defendants requires that the Court consider whether Ms. Moore in fact held any rights to the Photographs and what affect her representations to Defendants have on the question of liability. Therefore, a single action would benefit the Court by eliminating the need to try multiple related claims in different lawsuits, whereas the potential for either prejudice to Plaintiff or jury confusion is nominal at best. Moreover, given that Ms. Moore's alleged ownership is key to the disposition of the main case, her addition as a third party defendant would not unnecessarily expand the scope of the main case, nor would it would unduly delay or complicate the trial, which has not yet even been set. Furthermore, Defendant avers that these facts provide ample grounds for the Court to evaluate the propriety of the third party complaint.

The only factor, therefore, that in any way weighs against granting leave to add Ms. Moore as a third party defendant is the timeliness of the request. However, while Defendant's initial answer was filed on December 10, 2019, *see Answer* [#26], Defendants were unrepresented by counsel at the time. The Court, however, ordered *sua sponte* that the Clerk of the Court appoint counsel, and the undersigned entered appearances on February 27, 2020. *See Notice of Entry of*

*Appearance* [#34]. Accordingly, the present request is as timely as can reasonably be expected given the history of the case.

## V.  CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their Motion for Leave to File a Third Party Petition, pursuant to Fed. R. Civ. P 14(a), and issue and Order adopting the attached Complaint as the operating complaint against Ms. Moore and be deemed it as being filed upon the date of the Order.

Dated: March 16, 2020                                  Respectfully Submitted

*/s/ Daniel J. Williams*
Thomas E.M. Werge (Colo. Reg. #42726)
Daniel J. Williams (Colo. Reg. #52568)
WERGE LAW LLC
110 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone: 720-507-5008
Fax: 303-586-4900
tom@werge.law
dan@werge.law
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2020, I have caused a true and correct copy of the foregoing **MOTION FOR LEAVE TO ASSERT CLAIMS AGAINST THIRD PARTY DEFENDANT JESSICA MOORE** to be filed via CM/ECF, which will serve such upon:

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580-6111
*Attorney for Plaintiff*

- 5 -

        */s/ Peggy Quines*
        Peggy Quines, Paralegal