UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

LANDON MONDRAGON,

                        Plaintiff,

    - against –

NOSRAK LLC AND KASEY KING

                        Defendants.

1:19-cv-1437 (CMA-NRN)

ECF Case

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Plaintiff Landon Mondragon ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant Kasey King ("King")'s motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, King's motion pursuant to rule 12(b)(6) should be denied in its entirety.

## PRELIMINARY STATEMENT

King moves to dismiss Plaintiff's copyright infringement complaint on grounds that King cannot be held personally liable for the infringing conduct alleged in the Amended Complaint.

On May 20, 2019, the original complaint for one count of copyright infringement was filed against Nosrak LLC ("Nosrak"). [Dkt. #4]  Just four days later, on May 24, 2019, in a blatant attempt to evade this lawsuit, King (the managing member of Nosrak) filed articles of dissolution on behalf of Nosrak with the Colorado Secretary of State.  King thought that by doing so, he and Nosrak would be insulated from liability for the theft of Plaintiff's intellectual property.

Instead, on September 20, 2019, Plaintiff added King as a defendant to this lawsuit, alleging that "King is an individual and the managing member of Nosrak or otherwise supervises and controls the activities of Nosrak." [Amended Complaint, Dkt. #29, ¶ 7]  King may wish to present evidence refuting such allegations, but Rule 12 is not the appropriate procedural vehicle to resolve questions of material disputed fact.

Given the circumstances surrounding Nosrak's dissolution after King learned of this lawsuit, and the fact that he appears to control the activities of Nosrak, the Court should permit the case to proceed forward through discovery.  If King is not the individual responsible for supervising Nosrak's activities, or if King is not the individual who actually posted the infringing

1

content, then he will have the opportunity to present such evidence on summary judgment after the conclusion of fact discovery.

In short, Plaintiff has set forth a plausible claim for infringement against King in his individual capacity, and it would be premature to dismiss Plaintiff's claim against King at this stage of the litigation. Accordingly, Plaintiff respectfully requests that King's motion to dismiss should be DENIED in its entirety.

## STATEMENT OF FACTS

### Plaintiff Landon Mondragon

Mondragon is a professional photographer. [Amended Complaint, Dkt. # 29 ("Am Compl."), ¶ 5]

### Defendant Nosrak LLC

Nosrak was a limited liability company organized under the laws of the State of Colorado which operated the website www.Instagram.com/Nosrak.com. [Am. Compl. ¶ 6] Nosrak was dissolved on May 24, 2019, just four days after this lawsuit was filed. [Declaration of Richard Liebowitz, ¶ 3, Ex. A]

### Plaintiff's Photographs of Fashion Models

Mondragon took five photographs of fashion models (the "Photographs"). [Am. Compl. ¶ 8, Ex. A] Mondragon is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto. [Am. Compl. ¶ 9] The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-149-814. [Am. Compl. ¶ 10]

### Nosrak & King's Infringing Activity

Defendant King, in conjunction with Nosrak, published the Photographs on Nosrak's commercial website at instagram.com/nosrak (the "Website") [Am. Compl. ¶ 11, Ex. B] Neither King nor Nosrak licensed the Photographs from Plaintiff for use on the Website, nor did Defendants have Plaintiff's permission or consent to publish the Photographs on the Website. [Am. Compl. ¶ 12]

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss, courts "must accept all the well-pleaded allegations as true and must construe them in the light most favorable to the plaintiff." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996)  (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir.1994).  A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(c) only "if the plaintiff can prove no set of facts to support a claim for relief." *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir.1995).

## ARGUMENT

**POINT I:** **THE AMENDED COMPLAINT PLEADS SUFFICIENT ALLEGATIONS TO SUPPORT A PLAUSIBLE CLAIM OF INFRINGEMENT AGAINST KING**

To establish a claim of copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work. *Feist*

3

*Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,* 150 F.3d 132, 137 (2d Cir. 1998).

Section 101 of the Copyright Act "holds accountable 'any person [who] shall infringe the copyright.'" *Asia TV USA Ltd. v. Kamran Int'l Trade Ltd.*, No. 17 CV 5057 (FB), 2018 WL 6313215, at *6 (E.D.N.Y. Sept. 25, 2018), *report and recommendation* adopted, No. 17-CV-5057-FB-CLP, 2018 WL 6313180 (E.D.N.Y. Dec. 3, 2018) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt.*, Inc., 443 F.2d 1159, 1161 (2d Cir. 1971)). All persons and corporations "who participate in, exercise control over, or benefit from the infringement are jointly and severally liable as copyright infringers." *Id*. (*quoting Broadcast Music, Inc. v. The Living Room Steak House, Inc*., No. 14 CV 6298, 2016 WL 756567, at *4 (E.D.N.Y. Feb. 26, 2016)). "Infringers may not shield themselves from liability by dummy corporations . . ." *Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985); *see also* 3 M. Nimmer, *Nimmer on Copyright* § 12.04[A], at 12–34 (1985).

On May 20, 2019, the original complaint for one count of copyright infringement was filed against Nosrak [Dkt. #4]  Just four days later, on May 24, 2019, in a blatant attempt to evade this lawsuit, King (the managing member of Nosrak) filed articles of dissolution on behalf of Nosrak with the Colorado Secretary of State.  [Declaration of Richard Liebowitz, ¶ 3, Ex. A]  King thought that by doing so, he and Nosrak would be insulated from liability for the theft of Plaintiff's intellectual property.

Instead, on September 20, 2019, Plaintiff added King as a defendant to this lawsuit, alleging that "King is an individual and the managing member of Nosrak or otherwise supervises and controls the activities of Nosrak."  [Amended Complaint, Dkt. #29, ¶ 7]  King may wish to

4

present evidence refuting such allegations, but Rule 12 is not the appropriate procedural vehicle to resolve questions of material disputed fact.

Given the circumstances surrounding Nosrak's dissolution after King learned of this lawsuit, and the fact that he appears to control the activities of Nosrak, the Court should permit the case to proceed forward through discovery. If King is not the individual responsible for supervising Nosrak's activities, or if King is not the individual who actually posted the infringing content, then he will have the opportunity to present such evidence on summary judgment after the conclusion of fact discovery.

**POINT II:   KING'S RULE 12(b)(6) MOTION IS PROCEDURALLY IMPROPER BECAUSE IT ASSERTS CONTESTED FACTS OUTSIDE OF THE PLEADINGS**

King's motion pursuant to Rule 12(b)(6) contains factual allegations and extraneous materials that go far beyond the allegations set forth in the four corners of the Amended Complaint and which raise questions of material disputed fact. The motion is plainly premature and should be denied on that ground alone.

Rule 12(d) of the Federal Rules of Civil Procedure provides as follows:

> (d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.Civ.P. 12(d).

As recently explained in the Ninth Circuit decision of *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018):

> if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine [of incorporation-by-reference] to insert their own version of events into the complaint to defeat otherwise cognizable claims. *See In re*

5

*Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995–96 (S.D. Cal. 2005) (declining to incorporate numerous exhibits in SEC action where the complaint did not mention or rely on them, but the defendants instead "offer[ed] the documents as evidence that Defendants did not commit a securities violation"); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156–57 (2d Cir. 2006) (finding error where the court relied on documents the complaint did not mention to resolve an issue in defendant's favor, even though the complaint had not raised the issue).

**Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint**, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint – accepted as true at the pleading stage – can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

*Khoja,* 899 F.3d at 1003 (boldface added).

Here, Defendant's Rule 12(b)(6) motion contains contested factual allegations that are outside the four corners of the Amended Complaint. Namely, King alleges that he is not the managing member of Nosrak, but only its registered agent. What role King played in the supervision of Nosrak, as well as whether King himself posted the Photographs to Nosrak's Website are contested matters which cannot be resolved on the face of the pleadings.

Unless the Court converts the Rule 12 motion into a Rule 56 summary judgment, and permits Plaintiff to engage in fact discovery, Defendant's motion is plainly improper and should be denied. Moreover, until fact discovery is concluded, any dispositive motion in this action is premature.

## CONCLUSION

For the foregoing reasons, Defendant King's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) should be DENIED. In the event the motion is granted, then Plaintiff

6

respectfully requests the Court's leave to file a second amended complaint to cure any pleading deficiencies.

                              Respectfully submitted,

                              LIEBOWITZ LAW FIRM, PLLC

                              by: **s/richardpliebowitz/**
                              11 Sunrise Plaza, Suite 305
                              Valley Stream, NY 11580
                              (516) 233-1660
                              rl@liebowtizlawfirm.com

                              *Counsel for Plaintiff Landon Mondragon*