IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON

    Plaintiff,

v.

NOSRAK LLC and KASEY KING

    Defendants.

## REPLY IN SUPPORT OF MOTION TO DISMISS KASEY KING

Defendant Kasey King, by and through his undersigned counsel, respectively submits this Reply Brief in Support of his Motion to Dismiss Claim Against Kasey King.

### I. INTRODUCTION

In his Opposition to Defendant King's Motion to Dismiss (the "Response" [Doc. 40]), Plaintiff fails to respond to the primary deficiency raised by Defendant: namely the gross lack of factual allegations in support of the claim. Instead, Plaintiff provides mere labels and conclusions, which are plainly insufficient under the federal plausibility pleading standard. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Next, Plaintiff argues that because Defendant Nosrak dissolved shortly after being served with the initial Complaint, this somehow makes Defendant King liable for the actions of the corporation. This argument, however, is without merit, because Plaintiff does not allege in the Amended Complaint [Doc. 20] that such dissolution even took place, thereby making the

argument procedurally improper here.[1] Finally, Plaintiff attempts to overcome the 12(b)(6) motion by claiming that Defendant's challenge to a single factual allegation made in the Amended Complaint [Doc. 20] is grounds to dismiss the motion in its entirety. However, this argument, which elevates form over substance, fails because the Amended Complaint [#20] is deficient even when the single contested factual allegation is accepted as true.

## II.  ARGUMENT

### A.  Plaintiff's Amended Complaint Contains Only Labels and Conclusions and Thus Does not Support a Plausible Claim of Liability as to Defendant King Individually.

In order to survive a 12(b)(6) motion, the "complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, if the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

Here, Plaintiff bases his claim of liability against Defendant King strictly on his relationship with the corporate defendant in this action, Nosrak LLC ("Nosrak"). In fact, the only factual allegation specific to Defendant King is that he is "the managing member of Nostrak [sic] or otherwise supervises and controls the activities of Nostrak [sic]." *Am. Compl.* [Doc. 20] ¶ 7. Accepting this allegation as true, it nevertheless fails to nudge Plaintiff's claim across the line from conceivable to plausible. Being the managing member of a corporation or otherwise controlling its operations encompasses a vast swath of conduct, most, if not all, of which is legal, and therefore

---

[1] Moreover, as the entity has since been reinstated, even a claim on this basis to against Mr. King individually had been pled (it has not), Plaintiff's entire justification behind the addition of Mr. King to this lawsuit is no more.

2

it lacks even the most basic specificity required to support a plausible claim of liability against Defendant King.

The rest of Amended Complaint [Doc. 20] simply makes conclusory statements regarding the collective actions of the Defendants. These allegations, however, amount only to labels and conclusions, and thus are insufficient to survive the pending Motion to Dismiss [Doc. 36]. For example, Plaintiff claims that the "acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights[,]" but provides absolutely no factual allegations to support this claim, especially as it relates to Defendant King.

This deficiency in the pleading is exacerbated by the fact Plaintiff's claim against Defendant King demands that the corporate form—and the protections it provides to shareholders, directors, and officers—be completely ignored. It is a basic tenet of corporate law that, barring extraordinary circumstances, a member of a limited liability corporation cannot be held personally liable for any allegedly tortious actions committed by the company. *See 3A Fletcher Cyclopedia of the Law of Corporations* § 1158 ("The mere fact of being an officer or director of an infringing corporation will not make one personally liable."). Thus, without any additional factual allegations on which to rebut this presumption of indemnity, there is nothing in the Amended Complaint [Doc. 20] that supports bringing any individual claim against Defendant King.

Of course, this fatal deficiency was easily forecast when Plaintiff submitted his Amended Complaint [Doc. 20]. Rather than support the addition of Defendant King to the suit with additional factual allegations, Plaintiff merely changed all the so-called factual allegations against Defendant Nosrak to include Defendant King as well. For reference, a redlined version of the Amended Complaint [Doc. 20] comparing it to the initial Complaint [Doc. 1] has been attached as Exhibit A. This visual example shows the degree to which Plaintiff has failed to support his addition of

3

Defendant King to the current action. Simply adding a party to a lawsuit without adding any specific allegations against that party is inexcusable. This failure, in turn, is grounds for dismissal, pursuant to Fed. R. Civ. P. 12(b)(6).

**B.   The Allegations Regarding the Dissolution of Nosrak, LLC Are Neither Well-plead nor Relevant and Therefore Do Not Support Attaching Liability to Defendant King Personally.**

In his Response, Plaintiff makes much of the fact that Defendant Nosrak entered articles of dissolution shortly after being served with the initial Complaint [Doc. 1], but this allegation does not exist within the four corners of the complaint and is completely irrelevant to the determination under Fed. R. Civ. P. 12(b)(6). Furthermore, even if Plaintiff had included some sort of allegations relating thereto, Defendant Nosrak has since reinstated itself in the State of Colorado, *see* Exhibit B, further eroding any claim that the Plaintiff may have to attach personal liability to Mr. King.

Plaintiff's argument that Defendant Nosrak's dissolution supports attaching liability to Defendant King seemingly rests entirely on a case from the Second Circuit Court of Appeals which stated that copyright infringers cannot escape liability by shielding themselves behind dummy corporations. *Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir. 1985). Putting aside the fact that this precedent is not binding here, the argument nevertheless fails for the same reason as above: namely a lack of factual allegation in support thereof.

Nothing on the face of the Amended Complaint [Doc. 20] supports Plaintiff's allegation that Nosrak, LLC was a sham corporation. In fact, nothing in the Amended Complaint [Doc. 20], which was filed after the initial dissolution of Nosrak, even alleges the corporation no longer existed. Therefore, for the purposes of this motion, we must accept as true Plaintiff's allegation that "Nostrak [sic] is [a] domestic limited liability company duly organized and existing under the laws of the State of Colorado." *Am. Compl.* [Doc. 20] ¶ 6; *see Mobley v. McCormick*, 40 F.3d 337,

4

340 (10th Cir. 1994).(explaining that Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true").

That Plaintiff even raises this argument is rather surprising given that his secondary argument in opposition states that Defendants' Motion to Dismiss [Doc. 36] is procedurally improper for asserting contested facts outside of the pleadings. To reiterate, nothing in the pleadings state that Defendant Nosrak dissolved, and it certainly doesn't support the allegations that Defendant King deliberately did so to insulate the entity from the lawsuit or to protect himself individually, as Plaintiff repeatedly alleges in his Response. As stated above, the only factual allegation involving Defendant King states that he was a managing member of the corporation, and as Plaintiff makes clear in his brief, the Court may only consider the four corners of the complaint when ruling on a 12(b)(6) motion. Accordingly, Plaintiff's primary argument for attaching personal liability fails on its face due to a complete lack of factual allegations in the Amended Complaint [Doc. 20].

C.  **Even if Defendant King Were the Managing Member of Defendant Nosrak, LLC, as Plaintiff Alleges, the Amended Complaint Is Still Insufficient to Support a Claim Against Defendant King.**

Finally, Plaintiff asserts that because Defendant King challenged the allegation that he was the manager member of Defendant Nosrak, the entire motion should be disregarded. Putting aside the fact that, in that same Response, Plaintiff makes several factual allegations outside the four corners of the Amended Complaint [Doc. 20] (see Section II.B, *supra*), the argument nevertheless fails because the contested allegation is immaterial to the fact that the Amended Complaint [Doc. 20] fails to raise any allegations against Mr. King, as set forth in Defendant's Motion to Dismiss [Doc. 36].

Plaintiff is correct that his allegation regarding Defendant King's role in Nosrak ought to be accepted as true for the purposes of the Motion to Dismiss [Doc. 36]. Even so, the Amended

5

Complaint [Doc. 20] is woefully and fatally insufficient as it relates to Defendant King. As stated above, Plaintiff provides no factual allegations to support piercing the corporate veil and attaching personal liability to Defendant King, or any factual allegations suggesting that Mr. King, himself, took any of the actions alleged in the Amended Complaint [Doc. 20].[2] Simply being a managing member is insufficient to disregard the corporate form here. Any other conclusion would place form over substance and erode the basic protections provided by the limited liability corporation.

## II. CONCLUSION

For the foregoing reasons, Defendants request that the Court grant the Motion [Doc. 36] and dismiss the claim against Defendant King, pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, should the Court grant the Motion [Doc. 36], Defendants request that the Court order Plaintiff to pay attorney's fees and costs.

Dated: April 13, 2020

Respectfully Submitted,

*/s/ Thomas E.M. Werge*
Thomas E.M. Werge (Colo. Reg. #42726)
Daniel J. Williams (Colo. Reg. #52568)
WERGE LAW LLC
2231 North Gaylord Street
Denver, CO 80205
Telephone: 720-507-5008
Fax: 303-586-4900
tom@werge.law
dan@werge.law
*Attorneys for Defendants*

---

[2] Nor could Plaintiff, as Plaintiff lacks any factual basis to suggest that it was Mr. King who posted the alleged infringing photograph on Instagram. *See* Fed. R. Civ. P. 11.

6

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of April, 2020, I have caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** to be filed via CM/ECF, which will serve such upon:

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580-6111
info@liebowitzlawfirm.com
*Attorney for Plaintiff*

                                                */s/ Peggy Quines*
                                                Peggy Quines, Paralegal

7