## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON

       Plaintiff,

v.

NOSRAK LLC and KASEY KING

       Defendants.

---

### MOTION TO DISMISS FOR FAILURE TO PROSECUTE

---

Defendants NOSRAK LLC and Kasey King, by and through their undersigned counsel, respectively submit this Motion to Dismiss for Failure to Prosecute pursuant to Fed. R. Civ. P. 41(b), based on Plaintiff's inaction in prosecuting this matter, including his failures to comply with the Court's Orders arising out of the Scheduling Conference.

### RELEVANT PROCEDURAL HISTORY

On May 5, 2019, Plaintiff Mondragon filed a complaint in United States District Court for the District of Colorado against Defendant Nosrak LLC. On May 22, 2019 the Court issued an Order Setting Scheduling/Planning Conference and Setting Deadline for Filing of Consent/Non-consent Form. The Order required a completed copy of the Consent/Non-consent form be filed with the court on or before July 30, 2019. On September 20, 2019, Plaintiff filed his First Amended Complaint in the United States District Court. On September 26, 2019, the Court issued a summons and submitted contemporaneously a copy of the Consent/Non-consent form. On October 11, 2019 the Court issued an Advisory Notice to Plaintiff's counsel providing notice that attorney Richard Liebowitz had been administratively removed from the court's

attorney roll and barred from filing electronically. On October 17, 2019, Defendants submitted their Answer/Counterclaims to the Court *pro se*. On October 31, 2019, Plaintiff submitted his Answer to Counterclaims to the Court.

On November 27, 2019, Plaintiff's counsel, Richard Liebowitz submitted a Notice of Appearance after curing deficiencies regarding his 2018 biannual fee. On December 10, 2019, Defendants submitted a *pro* se Motion to Dismiss. On December 11, 2019, the Court issued an order setting a Motion Hearing for February 6, 2020. On February 6, 2020, during the Motion Hearing the Court denied Defendants' Motion to Dismiss and Plaintiff's request for attorneys' fees and set a Scheduling Conference for February 26, 2020. The morning of February 26, 2020, Plaintiff submitted his First Proposed Scheduling Order to the Court.

On February 26, 2020, Thomas Werge, now counsel for Defendants, attended the Scheduling Conference to observe, and in anticipation of potential appointment as *pro se* counsel. During the February 26, 2020 Scheduling Conference, the Court Ordered, among other things, that a revised proposed scheduling order shall be submitted on or before March 5, 2020 and that initial disclosures shall be made on or before March 17, 2020. The Court further ordered that pro bono counsel Thomas Werge submit an Entry of Appearance on or before February 28, 2020. On February 27, 2020, undersigned counsel submitted their Entry of Appearance on behalf of Defendants in this matter.

On March 17, 2020, Defendants timely served a copy of their initial disclosure certificate on Plaintiff and also submitted their initial disclosure documents to Plaintiff. A copy of Defendants' initial disclosure certificate and transmittal email is attached as <u>Exhibit A</u> and <u>Exhibit B</u> respectively. However, in violation of the Court's order, Plaintiff has (1) failed to submit a completed copy of the consent/non-consent form, (2) failed to timely submit a Revised

Proposed Scheduling Order to the Court, and (3) has failed to provide his initial disclosures or serve a copy of his disclosure certificate on Defendants.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides, in part that "[i]f the plaintiff fails . . . to comply with . . . a court order a defendant may move to dismiss the action or any claim against it." A dismissal under Rule 41(b) "operates as an adjudication of the merits." Fed. R. Civ. P. 41(b). Additionally, Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may "issue further just orders" after a party "fails to obey an order to provide or permit discovery[.]" Those "further just orders" include, among other things, " dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v).

The Tenth Circuit has provided a "non-exhaustive list of factors that a district court must consider in determining whether to dismiss an action with prejudice under Rule 41(b)[.]" *Ecclesiates 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d. 1135, 1142 (10th Cir. 2007). These factors include "(1) the degree of actual prejudice to the other party; (20 the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*. at 1143-44 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

## ARGUMENT

Despite filing this action almost one-year ago, Plaintiff has failed to take the most basic steps to prosecute his case or otherwise provide any discovery whatsoever. In particular, Plaintiff has failed to comply with the Court's orders (1) pertaining to the submission of the completed consent/non-consent form, (2) pertaining to submission of a revised proposed case scheduling

order, and (3) pertaining to provide initial disclosures to Defendants. Accordingly, dismissal is appropriate under these circumstances.

In order to dismiss Plaintiff's case under Rule 41(b), the Court must consider the non-exhaustive list of five factors outlined in cases such as *Ehrenhaus*. *See* 965 F.2d at 921. According to the Court in *Ehrenhaus*, "[t]hese factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." 965 F.2d at 921.

First with regard to the issue of prejudice – Defendants have been unable to perform or review any discovery due to Plaintiff's manifest failure to provide any initial disclosures or discovery whatsoever. Likewise, because Plaintiff has not submitted a revised proposed case scheduling order there has been no Order entered regarding discovery deadlines, discovery limitations, or case plan and schedule entered by the Court. The only discovery deadline is the one issued by the Court's Order on February 26, 2020 requiring the parties to exchange initial disclosures on or before March 17, 2020 to which Plaintiff is in express violation. Accordingly, Defendants have been prejudiced by Plaintiff's actions causing delay and mounting attorney time, including for the present motion. Accordingly, this factor weighs heavily in favor of dismissal. Importantly, Plaintiff filed his Memorandum of Law in Opposition to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on March 30, 2020 – demonstrating that any delay in providing a case scheduling order or initial disclosures is without cause or justification. If Plaintiff can file objections to Defendants' motions, Plaintiff is more than capable of providing submitting a revised proposed case scheduling order and serving his initial disclosures in compliance with the Court's Order.

Additionally, Plaintiff's interference with the judicial process has been substantial. Since this case was first filed on May 5, 2019, Plaintiff has (1) failed to provide a completed copy of the consent/non-consent form, (2) had to re-enter his appearance due to a lapse of biannual fees and being removed from the attorney register, (3) failed to provide a proposed revised case scheduling order, (4) failed to provide initial disclosures. The age of this case is rapidly approaching one year yet a scheduling order has not been entered and Plaintiff has yet to provide any discovery amounting to extensive judicial waste and gross interference with the judicial process.

Third, the litigant's culpability lies squarely on Plaintiff and Plaintiff's counsel. Defendants acknowledge that the current circumstances regarding the COVID-19 pandemic may offer some leeway under certain circumstances, however, those circumstances are not present here. The state-wide stay-at-home order was first entered on March 24, 2020 – one-week after the disclosure deadly and 19-days after the deadline to submit the proposed case scheduling order. Additionally, as noted above, Plaintiff timely field his Memorandum of Law in Opposition to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on March 30, 2020 – six days after the stay-at-home order was entered. Here, despite the national circumstances, the court has maintained all current deadlines in this case and has not vacated any hearings or deadlines thus far. The record thus far shows that Plaintiff has disregarded orders issued by the Court, failed to prosecute the case, and abused the discovery process.

Fourth, while Plaintiff has yet to be issued direct warnings by the Court, this factor by itself is non-dispositive. However, given that the other three factors weigh heavily in favor of Defendants – dismissal is appropriate here. Likewise, a "lesser" sanction would be inappropriate given the circumstances. Because as evidenced by Plaintiff's filing of its Memorandum of Law in Opposition on March 30, 2020 – no good cause exists here. Additionally, there are multiple

examples of abuse of the litigation process in this case, including but not limited to, the prior examples of Plaintiff's failure to comply with basic Court deadlines and orders. Therefore, dismissal is appropriate here.

## II. CONCLUSION

For the foregoing reasons, Defendants request that the Court grant the Motion and dismiss the Plaintiff's claims pursuant to Fed. R. Civ. P. 41(b).

Dated: April 24, 2020                                        Respectfully Submitted,

*/s/ Daniel J. Williams*
Thomas E.M. Werge (Colo. Reg. #42726)
Daniel J. Williams (Colo. Reg. #52568)
WERGE LAW LLC
2231 Gaylord Street
Denver, CO 80205
Telephone: 720-507-5008
Fax: 303-586-4900
tom@werge.law
dan@werge.law
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of April, 2020, I have caused a true and correct copy of the foregoing **MOTION TO DISMISS FOR FAILURE TO PROSECUTE** to be filed via CM/ECF, which will serve such upon:

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580-6111
*Attorney for Plaintiff*

*/s/ Peggy Quines*
Peggy Quines, Paralegal