UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

LANDON MONDRAGON,

                Plaintiff,

  - against –

NOSRAK LLC and KASEY KING

                Defendant.

1:19-cv-1437 (JCMA-NRN)

ECF Case

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Plaintiff Landon Mondragon ("Plaintiff") via counsel, respectfully submits this memorandum of law in opposition to Defendant Nosrak LLC and Kasey King (collectively, "Defendants")'s motion to dismiss the case for failure to prosecute under Fed.R.Civ.P. 41(b).

Federal Rule of Civil Procedure 41(b) provides, in part that "[i]f the plaintiff fails . . . to comply with . . . a court order a defendant may move to dismiss the action or any claim against it." A dismissal under Rule 41(b) "operates as an adjudication of the merits." Fed. R. Civ. P. 41(b).  The Tenth Circuit has provided a "non-exhaustive list of factors that a district court must consider in determining whether to dismiss an action with prejudice under Rule 41(b)[.]" *Ecclesiates 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d. 1135, 1142 (10th Cir. 2007). These factors include "(1) the degree of actual prejudice to the other party; (20 the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*. at 1143-44 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921

1

(10th Cir. 1992)).

<u>First</u>, Defendant has failed to demonstrate any actual prejudice whatsoever by any alleged delays in the proceeding.  The case has been on the docket for a year, which is not particularly long, and the docket reflects that during that time, Plaintiff has diligently pursued his claims.  For example, he filed a motion for leave to file an amended complaint back on September 9, 2019 [Dkt. 16]  and then filed an amended complaint on September 23, 2019 [Dkt. #20]  Plaintiff also filed a memorandum of law in opposition to Defendant's motion to dismiss on December 24, 2019 [Dkt. #29]  Plaintiff filed another memorandum of law on March 30, 2020 [Dkt. #40]

In other words, this is not a case where Plaintiff filed a complaint and then just disappeared (which is the paradigm for Rule 41(b) dismissals).  This is a case where Plaintiff has been actively engaged throughout the course of litigation and the docket manifests his intent to prosecute.

<u>Second</u>, Defendant has failed to demonstrate that Plaintiff has interfered with the judicial process.  As discussed, Plaintiff has been an active participant throughout the course of litigation. In addition to the above, Plaintiff has now served his initial disclosures, discovery requests, interrogatories and notice of deposition, all of which manifests a clear intent to prosecute.  Discovery is on-going and Defendant has failed to show any actual prejudice from any alleged delay on Plaintiff's part.

<u>Third</u>, Defendant has failed to show that Plaintiff has engaged in any delay tactics or culpable conduct, beyond missing a routine deadline which caused Defendant no actual prejudice.

<u>Fourth</u>, the record reflects that the Court has not previously warned Plaintiff that case

2

would be dismissed for failure to prosecute.  Defendant's motion is largely a harassing tactic that stands no chance of success.

<u>Fifth</u>, lesser sanctions have not been considered, nor are they warranted.  Any compliance issues regarding scheduling can be promptly cured without any prejudice to Defendant.

In short, Defendant has failed to demonstrate that any of the five factors weigh in favor of summary dismissal for failure to prosecute.

Finally, the Court should decline to impose lesser sanctions under Rule 37.  Any compliance issues regarding scheduling can be and will be promptly cured.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests the Court decline to dismiss this action for failure to prosecute.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

by: **s/richardpliebowitz/**
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowtizlawfirm.com

*Counsel for Plaintiff*

3