IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01437-CMA-NRN

LANDON MONDRAGON,

Plaintiff,

v.

NOSRAK LLC and
KASEY KING

Defendants.

---

## ORDER TO SHOW CAUSE

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court sua sponte on review of the docket.

It is hereby **ORDERED** that at the telephonic hearing set for May 7, 2020 at

11:00 a.m., Mr. Liebowitz should be prepared to **SHOW CAUSE** why the Court should

not make his continued prosecution of this case conditioned on his association with a

Colorado-based attorney with at least five years of practice in the United States District

Court for the District of Colorado.  The basis for this Order to Show Cause is Mr.

Liebowitz's failure to submit a proposed Scheduling Order consistent with this Court's

directives at the Scheduling Conference held on February 26, 2020, and failure to timely

serve Rule 26 disclosures as he had agreed at the Scheduling Conference.  When

ordered on April 27, 2020 to submit the revised proposed Scheduling Order by April 30,

3030, Mr. Liebowitz appears to have ignored (or forgotten) what had been decided at

the Scheduling Conference and submitted a revised Scheduling Order that included

none of the dates or limitations that he previously been decided and that he had agreed to.  This was a complete waste of the Court's time and required the Court to revise the Scheduling Order on its own.

Ignoring court orders, deadlines, and rules of procedure appears to be a pattern with Mr. Liebowitz.   Mr. Liebowitz has a long history of being sanctioned by other courts around the country.  He was held in contempt of Court by the Southern District of New York this past November for lying to the court and failing to follow court orders.  *See Berger v. Imagina Consulting, Inc.*, No. 7:18-CV-8956-CS (S.D.N.Y.).  On March 24, 2020 of this year, the Eastern District of North Carolina dismissed a case filed by Mr. Liebowtiz for failure to follow a court order to cure deficiency notices issued by the clerk of that court.  *See Masi v. Mythical Entertainment*, No. 5:19-CV-438-FL, 2020 WL 1490704 (E.D.N.C. March 24, 2020).  And as recently as April 1, 2020, another judge in the Southern District of  New York sanctioned Mr. Liebowitz and his firm $5,000 under the Court's inherent power for violating the rules of civil procedure in numerous ways, including attaching an electronic signature of a client to discovery responses when the responses had never been discussed with or been shown to the client.  *See Wisser v. Vox Media, Inc.*, 19 Civ. 1445 (LGS), 2020 WL 1547381 (S.D.N.Y. April 1, 2020).  In his filing opposing sanctions in the *Wisser* case, Mr. Liebowitz provided among the many excuses for his conduct, his law firm's "unprecedented volume of cases on the docket which has produced administrative burdens." *Id.* at n.6.  In Mr. Liebowitz's defense at the hearing to vacate the contempt citation against him in the *Berger* matter, his counsel described Mr. Liebowtiz as a 31 year-old "young and inexperienced lawyer" who was "short on legal experience and training."

In light of the above, the Court has little confidence that Mr. Liebowitz and his firm will be able to abide by the rules and standards that are required of lawyers practicing in the United States District Court for the District of Colorado.  Therefore, on May 7, 2020, at 11:00 a.m., Mr. Liebowitz shall be prepared to **SHOW CAUSE** why he should not be required to associate with an experienced Colorado federal practitioner as a condition of continuing to prosecute this case.

BY THE COURT

Date:  May 5, 2020
        Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge