IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01437-CMA-NRN

LANDON MONDRAGON,

Plaintiff,

v.

NOSTRAK LLC and
KASEY KING

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT KASEY KING'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
(DKT. #36)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before me pursuant to an Order (Dkt. #38) issued by Judge Christine M. Arguello referring Defendant Kasey King's Motion to Dismiss Pursuant to Rule 12(b)(6). Dkt. #36. Plaintiff Landon Mondragon filed a response (Dkt. #40), and Mr. King filed a reply. Dkt. #41. On May 7, 2020, I heard argument on the subject motion. *See* Dkt. #50. I have taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, I **RECOMMEND** that the subject motion be **DENIED**.

Plaintiff, a photographer from Arizona, initiated this copyright infringement action on May 20, 2020 against Nosrak LLC ("Nosrak"),[1] a Colorado hat company. Dkt. #1.

---

[1] Plaintiff originally identified the defendant as "Nostrak, LLC." Judge Arguello ordered the caption to be amended to reflect the correct entity name. *See* Dkt. #32.

Plaintiff alleged that Nosrak published on Instagram, without Plaintiff's license, permission or consent, five of Plaintiff's photographic images, each of which depicts a clothed female model wearing a hat. *Id.*

On September 9, 2019, Plaintiff sought leave to amend his Complaint to add Mr. King as a defendant because Nosrak filed dissolution paperwork after the case was filed, and "Kasey King is the managing member of the LLC." Dkt. #16 at 1. The motion to amend was granted (Dkt. #18), and the Amended Complaint was filed on the docket as the operative pleading. Dkt. #20. The Amended Complaint is almost identical to the original Complaint. The only differences are the Amended Complaint names Mr. King as a defendant, stating, "Upon information and belief, King is an individual and the managing member of [Nosrak] or otherwise supervises and controls the activities of [Nosrak]" (Dkt. #20 at 2, ¶ 7), and then substitutes the word "Defendants" for "Nostrak [sic]," indicating that both Defendants performed and are liable for the infringing acts.

On December 10, 2019, Mr. King moved to dismiss the Amended Complaint based on Plaintiff's counsel's reputation as a "copyright troll" and because he claimed Plaintiff had the facts wrong. Dkt. #26. The Court issued a recommendation that the motion be denied (*see* Dkt. #30), which Judge Arguello adopted on February 25, 2020. Dkt. #32.

At the time he filed his first motion to dismiss, Mr. King was proceeding pro se. He was then appointed pro bono counsel (Dkt. #32 & #34), who filed the subject motion. Mr. King argues that Plaintiff's Amended Complaint does not state a plausible claim against him because it contains no factual basis regarding his role in the alleged infringement. Mr. King argues that the Amended Complaint seeks to impose individual

liability on him based only of the fact that he was the "managing member" of Nosrak, and even that fails because he was merely the company's registered agent.

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

At the same time, however, the "Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *Sylvia v. Wisler,* 875 F.3d 1307, 1326 (10th Cir. 2017) (internal quotation marks omitted). Even under *Iqbal/Twombley*, "that standard is still fundamentally one of notice pleading intended to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense." *Id.* A complaint need not provide detailed factual allegations; rather, "it must give just enough factual detail to provide 'fair notice of what the claim is and the grounds upon which it rests.'" *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Twombley*, 550 U.S. at 555).

The Court finds that the Amended Complaint adequately places Mr. King on notice of his alleged misconduct for the purposes of Rule 12(b)(6). The Court does not read the Amended Complaint to assert claims against Mr. King only based on the (disputed) fact that he was an officer of Nosrak. Instead, viewing the allegations in the light most favorable to Plaintiff, the Amended Complaint alleges that Mr. King personally, along with Nosrak, ran the infringing photographs on Nosrak's Instagram page without Plaintiff's license, permission, or consent. Mr. King may dispute the truth of this allegation, but that does not make it implausible or conclusory. Similarly, the Court cannot deetermine on a motion to dismiss the nature of Mr. King's relationship with Nosrak. The Amended Complaint alleges he was its managing member, Mr. King states that he was not. This is plainly a disputed issue of fact to be resolved at summary judgment or trial, once discovery is conducted.

4

Accordingly, it is hereby **RECOMMENDED** that Defendant Kasey Kings' Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. #36) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corrections*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   May 14, 2020
         Denver, Colorado

_____
N. Reid. Neureiter
United States Magistrate Judge