IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON

        Plaintiff,

v.

NOSRAK LLC and KASEY KING

        Defendants.

v.

JESSICA MOORE

        Third-Party Defendant.

---

**AMENDED THIRD-PARTY COMPLAINT AGAINST JESSICA MOORE**

---

Third-party Plaintiff Nosrak LLC ("Nosrak"), by and through the undersigned counsel, hereby submits the following Amended Third-Party Complaint against Jessica Moore, and alleges as follows:

**JURISDICTION AND VENUE**

1.      This third-party claim arises in response to Plaintiff Landon Mondragon's initial claim of Copyright Infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and therefore this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Upon information and belief, this Court has personal jurisdiction over Third-party Defendant Moore because at all relevant times, she was a resident of the State of Colorado.

3.      Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Nosrak LLC is a limited liability company, duly organized under the laws of the State of Colorado with a place of business at 1614 Foxbrook Way, Fort Collins, Colorado 80526. Nosrak's primary business is designing, manufacturing, and selling hats. At all times relevant to this suit, Nosrak was registered as a limited liability corporation with the Colorado Secretary of State and operated an Instagram page at the URL www.Instragram.com/nosrak.

5.      Jessica Moore was the model for the photographs at issue (the "Arizona Photographs") and was the individual responsible for providing the Photographs to Nosrak. Ms. Moore's last-know address is 1259 Washington Street in Denver, Colorado 80203.

6.      Landon Mondragon, Plaintiff herein, is a self-described professional photographer with a usual place of business at 1113 W. Culver St., Phoenix, Arizona 85007.

## FACTUAL ALLEGATIONS

7.      In or around early January 2019, Ms. Moore contacted Nosrak, via Instagram, to pitch her services as a photographer to Nosrak. Up until that point, the two parties had never communicated before.

8.      Shortly thereafter, also in or around early January 2019, Ms. Moore met in person with Karson Saveall, a founding member of Nosrak, to discuss a potential business arrangement between the parties. Again, Ms. Moore indicated that she was a professional photographer and would be willing to take photos on behalf of Nosrak, so long as she maintained her own rights to the photographs.

9.      During that meeting, it was determined that Ms. Moore would accompany Nosrak, through Ms. Saveall and Mr. Kasey King, on a trip to Cuba to take photographs for Nosrak. It was agreed that Ms. Moore would be responsible for purchasing her own airfare, but that in exchange for the resulting photographs, Nosrak would provide lodging for Ms. Moore while in Cuba. The trip was subsequently planned for January 31, 2019 through February 6, 2019.

10.     On or about January 16, 2019, Ms. Moore sent a text message to Ms. Saveall stating that she was travelling to Arizona to do a photo shoot for a clothing boutique. Ms. Moore asked if Nosrak was interested in lending her some hats to wear in the photoshoot. Nosrak agreed to provide the hats and arranged to have them delivered to Ms. Moore.

11.     Based on their previous conversations, it was well-understood by all parties that Ms. Moore would provide Nosrak with the photos in exchange for her use of the hats.

12.     At no point during the aforementioned interactions did Ms. Moore ever refer to Mr. Mondragon or represent that anyone besides herself would be taking the photographs or owning any rights related thereto.

13.     Ms. Moore caused Nosrak to understand that Ms. Moore would be the sole photographer and was therefore at liberty to license the photographs to Nosrak.

14.     Starting on or about January 20, 2019, and lasting through January 26, 2019, pursuant to the parties' agreement and understanding, Ms. Moore began providing the photographs from the Arizona shoot to Nosrak, which it in turn posted on its Instagram page.

15.     On or about January 31, 2019, the parties traveled to Havana, Cuba for an extended photo shoot.

16.     Upon returning from the Cuba trip on or about February 6, 2019, Ms. Moore failed to timely provide the photographs from that trip. In addition to the delay, Ms. Moore ultimately only provided approximately 10 percent of the photographs that Nosrak expected.

17.     Due to Ms. Moore's failure to timely provide the photographs which she had agreed to provide, as well as her general lack of professionalism during and after the Cuba trip, Nosrak ceased working with Ms. Moore.

18.     On or about February 17, 2019, Mr. Mondragon informed Mr. King that the photographs from the Arizona shoot his photographs and that he had not authorized Nosrak to use the photographs on its Instagram page.

19.     Mr. King responded that he did not know who Mr. Mondragon was or why he should believe that the photographs were his property. Mr. Mondgragon responded that he didn't care and was going to sue Nosrak regardless.

20.     On or about February 18, 2019, Mr. King attempted to call Ms. Moore, but she was vacationing in Europe at the time. Mr. King left a voicemail explaining the interaction with Mr. Mondragon. Ms. Moore responded directly to Mr. King by messaging his Instagram account.

21.     In that message, Ms. Moore reiterated that the photographs were hers, stating "As far as the photos go. THEY ARE MY PHOTOS. USE THE FUCK OUT OF THEM!" Ms. Moore continued: "I have the copyright. I'll send that over as soon as I get to Lisbon as well as a[n] agreement and copyright for you to legally use the photos."

22.     Despite her representation, Ms. Moore never provided such proof of copyright or agreement.

23.     On or about May 21, 2019, Nosrak was served with Mr. Mondragon's complaint. That same day, Mr. King reached out to Ms. Moore via text message. Ms. Moore again assured

Mr. King that the photographs were hers and that she held the copyright to them. However, she informed Mr. King that her attorney had advised her not to touch the photographs personally.

24.     Upon being served with the Complaint, Nosrak immediately removed the photographs from its Instagram page.

25.     On or about September 26, 2019, Mr. Mondragon amended the complaint to include Mr. King as a defendant in the action.

## FIRST CLAIM FOR RELIEF:
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

26.     Nosrak incorporates herein by reference all of the allegations contained in the preceding and foregoing paragraphs of this Amended Third-Party Complaint.

27.     Ms. Moore misrepresented to Nosrak that she was the sole owner of the Arizona Photographs and that Nosrak was free to publish the photographs on its Instagram page.

28.     On information and belief, however, the photos were taken by Mr. Mondragon, who claims to hold the copyright thereto.

29.     Upon information and belief, Ms. Moore knew that she did not hold the copyright or any licensing rights to the Arizona Photographs.

30.     However, in reliance on her misrepresentation that she did hold the rights, Nosrak published the Arizona Photographs on its Instagram page, thereby leading to the claim for copyright by Mr. Mondragon.

31.     Accordingly, Ms. Moore both caused and materially contributed to Nosrak's infringing activities.

32.     Moreover, by delivering the Arizona Photographs to Nosrak, on information and belief, Ms. Moore herself committed copyright infringement.

33.     Because of these actions, which were caused by Ms. Moore, Nosrak and Mr. King are currently defendants in a civil copyright infringement lawsuit brought by Mr. Mondragon.

34.     Pursuant to the wrong of another doctrine, when "the natural and probable consequence of a wrongful act has been to involve plaintiff in litigation with others," attorney's fees are recoverable as damages. *Kesling v. American Family Mut. Ins. Co.*, 861 F. Supp. 2d 1274, 1279 (D. Colo. 2012) (citing *International State Bank of Trinidad v. Trinidad Bean & Elevator Co.*, 79 Colo. 286, 245 P. 489 (1926)).

35.     Contributory copyright infringement is derivative of direct copyright infringement. It occurs when the defendant causes or materially contributes to another's infringing activities and knows of the infringement. *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1146 (10th Cir. 2016).

36.     Ms. Moore's contributory copyright infringement has damaged Nosrak in an amount to be proven at trial, plus prejudgment and post judgment interest, costs, attorney's fees, and any other relief allowable by law.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT

37.     Nosrak incorporates herein by reference all of the allegations contained in the preceding and foregoing paragraphs of this Amended Third-Party Complaint.

38.     Ms. Moore entered into an agreement with Nosrak to provide it with photographs taken during the Cuba trip in exchange for housing while in Cuba.

39.     Ms. Moore failed to perform under the agreement and materially breached it by failing to timely deliver all the photographs expected under the contract.

40.     Nosrak substantially performed under the agreement by providing Ms. Moore's housing while in Cuba.

41.     Ms. Moore's breach has damaged Nosrak in an amount to be proven at trial based on the breach, plus prejudgment and postjudgment interest, costs, and attorneys' fees, or in the alternative rescission of the contract and a return of the funds paid, plus interest, costs, attorneys' fees, and all other relief flowing therefrom.

### THIRD CLAIM FOR RELIEF
### NEGLIGENT MISREPRESENATION

42.     Nosrak incorporate herein by reference all of the allegations contained in the preceding and foregoing paragraphs of this Amended Third-Party Complaint.

43.     Ms. Moore, in the course of her business interactions with Nosrak, misrepresented material facts, including but not limited to, representations that she was a professional photographer, that she was the sole owner of the Arizona Photographs, that she held the copyright for the Arizona Photographs, and that Nosrak was free to use the Arizona Photographs on its Instagram page.

44.     These misrepresentations were made without reasonable care.

45.     Based on these misrepresentations, Nosrak posted the Arizona Photographs on its Instagram page, ultimately resulting in Mr. Mondragon bring suit against it for copyright infringement.

46.     Ms. Moore knew that Nosrak would rely upon the misrepresentations and Nosrak justifiably relied on Ms. Moore's misrepresentations to its detriment.

47.     Nosrak has suffered and will continue to suffer losses caused by Ms. Moore's misrepresentations to Nosrak.

48.     Ms. Moore's negligent misrepresentations have damaged Nosrak in an amount to be proven at trial, plus prejudgment and postjudgment interest, costs, and any other relief allowable by law.

## PRAYER FOR RELIEF

WHEREFORE, Nosrak prays for judgment against Ms. Moore for damages in an amount

to be proven at trial, plus costs, attorneys' fees, plus prejudgment and postjudgment interest, and

any other relief this Court deems just and proper.

## NOSRAK DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE

Dated: May 14, 2020                                Respectfully Submitted,

                                                   */s/ Thomas E.M. Werge*
                                                   Thomas E.M. Werge (Colo. Reg. #42726)
                                                   Daniel J. Williams (Colo. Reg. #52568)
                                                   WERGE LAW LLC
                                                   2231 North Gaylord Street
                                                   Denver, CO 80205
                                                   Telephone: 720-507-5008
                                                   Fax: 303-586-4900
                                                   tom@werge.law
                                                   dan@werge.law
                                                   *Attorneys for Third-Party Plaintiff*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2020, I have caused a true and correct copy of the foregoing **AMENDED THIRD-PARTY COMPLAINT AGAINST JESSICA MOORE** to be filed via CM/ECF, which will serve such upon:

Richard P. Liebowitz
Liebowitz law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580-6111
*Attorney for Plaintiff*

*/s/ Peggy Quines*
Peggy Quines, Paralegal