IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01437-CMA-NRN

LANDON MONDRAGON,

Plaintiff,

v.

NOSRAK LLC and
KASEY KING

Defendants.

---

ORDER ON
PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER (Dkt. #55)
and
PLAINTIFF'S MOTION FOR STAY OF MAGISTRATE JUDGE'S ORDER RE:
SANCITONS (Dkt. #56)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter comes before the Court on Plaintiff's Motion for Extension of Time to

File Rule 72(a) objections to my May 11, 2020 Order re: Sanctions. Dkt. #55. Also

before the Court is Plaintiff's Motion to Stay re: Order on Motion to Dismiss/Lack of

Prosecution by Plaintiff Mondragon. Dkt. #56. Both these motions were filed on May 22,

2020. Judge Arguello referred the Motions to me on May 26, 2020. Dkt. #57.

In my May 11, 2020 Order Denying Defendant's Motion to Dismiss for Failure to

Prosecute but ordering Alternative Sanction (the "Sanctions Order") (Dkt. #51), I recited

Plaintiff's counsel Richard Liebowitz's extensive documented history of misconduct and

being sanctioned by this and other federal courts. I concluded that Mr. Liebowitz's

continued practice of law in the manner he is practicing it "represents a clear and

present danger to the fair and efficient administration of justice, and steps should be

taken promptly by appropriate disciplinary authorities to suspend his ability to file new

cases unless and until he has demonstrated he has appropriate systems in place to

assure regular compliance with court rules and rules of professional conduct." Dkt. #51

at 2.

As a sanction for Mr. Liebowitz's misconduct and to protect the administration of

justice in this Court, I required Mr. Liebowitz to do the following:

1. Within 21 days of May 11, 2020, in order to continue to prosecute this matter, he was to associate with a Colorado-based attorney with at least five years of experience practicing in the United States District Court for the District of Colorado.

2. Within 14 days from May 11, 2020, Mr. Liebowitz was to file a copy of my May 11, 2020 Sanction Order in all other cases he currently has pending in the District of Colorado, and in any future cases filed in this District for the next six months. The filing was to include a cover sheet titled "NOTICE OF ATTORNEY SANCTION."

I included this notice aspect of the Sanctions Order because I believe that the

district judges and magistrate judges of this Court should be made aware of Mr.

Liebowitz's extensive history of being sanctioned by both this and other courts, so that

future failures to follow court orders, the federal or local rules, or case deadlines "cannot

be attributed to mere 'missteps,' 'administrative oversights,' or 'mistakes that anyone

could make.'" *Id.* at 32. *See also Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-

CV-3670 (VEC), 2019 WL 5067167, at *3 (S.D.N.Y. Oct. 9, 2019) ("[G]iven the

frequency with which Mr. Liebowitz commits 'administrative errors,' the undersigned is

unconvinced that they are indeed good faith oversights."); *Chevrestt v. Barstool Sports,*

*Inc.*, 20-CV-1949 (VEC), 2020 WL 2301210 (S.D.N.Y. May 8, 2020) at *2 ("Mr.

Liebowitz's attempt to attribute his 'administrative oversight' to the COVID pandemic is

disingenuous, distasteful, unpersuasive, and likely perjurious."). In making my Sanctions

Order, I was exercising the Court's inherent authority to police itself by alerting my

colleagues to, and protecting this Court from, Mr. Liebowitz's demonstrated pattern of

misconduct. *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

I delayed the notice aspect of the Sanctions Order for fourteen days because Mr.

Liebowitz, under Fed. R. Civ. P. 72(a), would be entitled to object to the order within that

time. I also delayed the requirement of retention of an experienced Colorado-based

federal lawyer for twenty-one days, recognizing that Mr. Liebowitz and his client might

have trouble obtaining the services of local counsel on short notice.

Mr. Liebowitz has now moved for an additional two weeks within which to file his

objection to my Sanctions Order. *See* Dkt. #55. He also seeks a stay of the order

pending a decision by Judge Arguello on any objection. He asserts that his objections

will be "well-founded," but he provides no supporting authority or justification hinting at

what those "well-founded" objections might be. In an affidavit in support of the motion

for extension of time, Mr. Liebowitz asserts that the Sanctions Order at issue "not only

concerns Plaintiff, but also impacts various other clients of my law firm who are not

parties to this action." It is not clear how the order "impacts" various other clients, other

than by making them and the judges presiding over cases in this District aware of the

extensive existing public record of sanctions and contempt orders issued against Mr.

Liebowitz and his firm for repeated litigation misconduct. Mr. Liebowitz also claims that

that he is seeking outside counsel to represent himself and his firm in connection with

objecting to the Sanctions Order and argues that he needs "more time to secure outside

counsel." *Id.* at 1.

My finding that Mr. Liebowitz' practice of law represented "a clear and present danger both to the administration of justice generally and to the interests of his own clients" was based primarily (but not exclusively) on his filing hundreds of copyright lawsuits in federal courts across the country without adequate systems in place to ensure that the rules of each court and orders of each judge could be followed. The numerous sanction and contempt orders cited in my own Sanctions Order provide documentary evidence of Mr. Liebowitz's repeated inability to fulfil the basic obligations of a lawyer appearing in federal court. The request to stay my order is effectively a request that Mr. Liebowitz be permitted to continue to practice law in this case without the guidance of a more experienced practitioner, and without giving notice of his extensive history of misconduct to the judges before whom he is appearing. That history of misconduct would likely be relevant if Mr. Liebowitz were to violate any other rules or court orders in the other cases in this District. *See Stelzer v. Lead Stories, LLC*, No. 19-cv-000473-PAB-KMT, 2019 WL 5095689, at *4 (D. Colo., July 3, 2019) (affirming sanction of dismissal against one of Mr. Liebowitz's clients for Mr. Liebowitz's failure to follow court orders and noting that Mr. Liebowitz had been "previously sanctioned in another district for similar behavior, which clearly has had no deterrent effect").

In my own Sanctions Order, I tried to provide a complete recitation of sanction orders against Mr. Liebowitz. But the hits are coming so fast it is hard to keep up. I missed the most recent order sanctioning Mr. Liebowitz issued from the Southern District of New York. On Friday, May 8, 2020, the day after I held the hearing on the order for Mr. Liebowitz to show cause why he should not have to associate with an experienced Colorado federal practitioner as a condition of continuing to prosecute this

case, the Southern District of New York issued a new sanction decision: *Chevrestt v. Barstool Sports, Inc.*, 20-CV-1949 (VEC), 2020 WL 2301210 (S.D.N.Y. May 8, 2020). In that case, Judge Valerie Caproni issued a $3,000 sanction order against Mr. Leibowitz for indisputably violating the "clear and unambiguous instruction" of the court in yet another copyright case. In addition to the monetary sanction, Judge Caproni ordered Mr. Liebowitz to enroll in and complete a course on managing a small law practice:

> Mr. Liebowitz must attend such training on or before September 1, 2020. The course must cover the basics of setting up and running a law practice, including how to maintain systems so that Court obligations are tracked and obeyed. Mr. Liebowitz is directed to provide the Court with information about the course he wishes to attend for the Court's approval. He will, at the end of the course, be required to present proof of attendance and to provide a sworn statement to the Court on what he learned from the course and what concrete steps he has instituted in his practice to improve compliance with the Federal Rules of Civil Procedure and Court orders.

*Id.* at *4. Judge Caproni's decision is entirely consistent with my order requiring that Mr. Liebowitz associate with an experienced Colorado practitioner as a condition of continuing to prosecute the instant case. Both decisions are intended to "improve compliance with the Federal Rules of Civil Procedure and Court orders."

Which brings me to the issue of the Plaintiff's request for an extension of time and for a stay. "A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.*, at 672–73. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). A court considers four factors in deciding whether to issue a stay: (1) whether the stay applicant has made a strong showing that

he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

It is difficult to justify staying an order that was intended to protect the administration of justice in this Court and also to notify my colleagues of repeated attorney misconduct. At the same time, holding an order in abeyance, or granting a stay, ensures that a reviewing judicial body (in this case Judge Arguello) "can responsibly fulfill [her] role in the judicial process." *Id.* at 427.

Applying the factors outlined in *Nken*, Mr. Leibowitz has made no showing that he is likely to succeed on the merits of his objection. He does not describe what his objection will be and makes no argument as to why it is likely to be successful. Similarly, he makes no argument as to how his client (or he) might be irreparably injured absent a stay. It is a given that the filing of the Notice of Attorney Sanction in other cases would likely harm Mr. Leibowitz's reputation with the judges of the District of Colorado before whom he is appearing, but the numerous cases cited are a matter of public record and not reasonably subject to dispute. Moreover, the judges of this Court have as much right to be made aware of Mr. Leibowitz's history of misconduct as those judges in his home court of the Southern District of New York, where "it is no exaggeration to say that there is a growing body of law [. . .] devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone." *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019). As to the issue of whether the issuance of a stay would substantially injure other parties interested in the proceeding,

the defendant in this case is entitled to an adversary who is fully capable of adhering to the Federal Rules of Civil Procedure, the Local Rules, and the Colorado Rules of Professional Conduct to extent they have been adopted by the Court. Granting the requested stay, while allowing this litigation to continue, would potentially injure the Defendant and the administration of justice in this Court because it would allow Mr. Liebowitz to continue to litigate without adequate supervision. The public interest does not favor a stay if Mr. Liebowitz is going to continue to litigate this case during the pendency of the stay.

Considering all the factors laid out in *Nken* for deciding whether to stay an order pending appeal, with appropriate deference to my position as United States Magistrate Judge whose decisions on non-dispositive matters may be objected to before the presiding District Judge, and recognizing that Mr. Leibowitz has a legitimate interest in retaining outside counsel to present his objection before Judge Arguello, I do find it to be in the interests of justice to grant Plaintiff an additional 14 days within which to file his objection. I further find it in the interests of justice to stay the Sanctions Order (Dkt. #51), so that Mr. Leibowitz will not have to file the Sanctions Notice in other cases until Judge Arguello's decision. However, I do not find that it is in the interests of justice to allow Mr. Leibowitz to continue to litigate this case without the supervision of an experienced Colorado practitioner while the objection is being considered. Therefore, in granting the stay of the Sanctions Order, I will also stay all proceedings in this case, including any outstanding written discovery or depositions, pending Judge Arguello's decision on the Plaintiff's objections.

**WHEREFORE,** it is hereby **ORDERED** that Plaintiff's Motion for Extension of Time to File Objections to Magistrate Judge's Order (Dkt. #55) is **GRANTED**. Plaintiff shall have up to and including **June 9, 2020** to file his Rule 72(a) objections to the Court's Order Denying Defendant's Motion to Dismiss for Failure to Prosecute but Ordering Alternative Sanction" (Dkt. #51).

It is further **ORDERED** that Plaintiff's Motion for Stay of Magistrate Judge's Order Re: Sanctions (Dkt. #56) is **GRANTED**. The Court's Sanctions Order is stayed until three (3) days after Judge Christine M. Arguello rules on Plaintiff's Rule 72(a) objections.

It is further **ORDERED** that all proceedings in this case are **STAYED** pending resolution by Judge Arguello of Defendant's objection to the Sanctions Order. Within three (3) days from the date of Judge Arguello's ruling on Plaintiff's objection, the parties shall jointly contact chambers to schedule a status conference to determine whether the scheduling order in the case will need to be revisited in light of the delays associated with this stay of proceedings.

Date: May 26, 2020

N. Reid Neureiter
United States Magistrate Judge