# EXHIBIT 5

# Motion to Correct or Otherwise Vacate the Court's Order Dated October 7, 2019 Respecting Use of the Term "Disbarment"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN THE MATTER OF RICHARD P. LIEBOWITZ

Case No. 19-mc-80228 (JD)

**MOTION TO CORRECT OR OTHERWISE VACATE THE COURT'S ORDER, DATED OCTOBER 7, 2019 RESPECTING USE OF THE TERM "DISBARMENT"**

Richard Liebowitz, an attorney licensed to practice in the law of the State of New York, respectfully moves the Court under Rule 60(b)(1) of the Federal Rules of Civil Procedure, or under the Court's inherent authority, to correct or otherwise vacate its Order, dated October 7, 2019, which is entitled "Order of Disbarment."

The Court's use of the word "disbarment" respecting Richard Liebowitz, who is not and was never a member of the California State Bar, is legally erroneous and contrary to justice because it prejudices Mr. Liebowitz with a

1309138.v1

derogatory form of severe discipline that is simply not applicable to the circumstances presented here.

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir.1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir.1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Black's Law Dictionary 463 (6th ed. 1990) defines disbarment as an "[a]ct of court in suspending attorney's license to practice law. A disbarment proceeding is . . . disciplinary in nature."

Here, the Court ordered "Richard P. Liebowitz removed from the membership roll of the bar of this Court." [Dkt. #3]  But Mr. Liebowitz was never in the membership roll of the bar of this Court.  He is licensed to practice in New

York, not California, and that fact is a matter of public record.

Despite the fact that Mr. Liebowitz was never in the membership roll of the bar of this Court, the Court labeled Docket # 3 "Order of Disbarment."  This is plainly a legal misnomer because an attorney cannot be disbarred from this Court if he was never a member of the Court in the first place.

Moreover, labeling the Order as a "disbarment" is highly prejudicial to Mr. Liebowitz because it signifies to the public and other judicial officers that Mr. Liebowitz has been disciplined with the most severe of all sanctions that can be imposed on an attorney.   But this is not the case.

Accordingly, to prevent manifest justice and to correct a clear-cut legal error, the Order, dated October 7, 2019 should be vacated and/or corrected.

Respectfully Submitted:

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz

Richard Liebowitz (RL1234)
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28