### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Case No.: 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON
     Plaintiff

v.

NOSRAK LLC and KASEY KING,
     Defendants

---------------------------------------------------------

NOSRAK LLC and KASEY KING,
          Third-Party-Plaintiffs,
v.

JESSICA MOORE,
          Third-Party-Defendant.

---

## MOTION FOR COST BOND

---

Third-Party-Defendant Jessica Moore hereby moves the Court to order Plaintiff Landon Mondragon to post a cost bond in the amount of $5,000 to continue this action.

Pursuant to D.C.COLO.L.CivR 7.1(b), counsel for Plaintiff was informed of the basis for this motion, and Plaintiff will oppose the motion.

## I.    INTRODUCTION

A bond is appropriate for the following reasons:

- Plaintiff is a nonresident, and Colorado has a strong public policy requiring an out-of-state plaintiff to post a bond to maintain a lawsuit.

- Plaintiff is unlikely to prevail on his copyright infringement claim because Jessica Moore is the actual author of the photographs.

- Nosrak provided hats to be used as wardrobe and props for the asserted photographs in exchange for a license for Nosrak to use those photographs to advertise and promote Nosrak hats—and Plaintiff was aware of this arrangement.

- Because attorneys' fees may be awarded as costs under the Copyright Act, Plaintiff may have to pay attorneys' fees if he loses.

Accordingly, the Court should order Plaintiff to post a bond in the reasonable amount of $5,000.

## II.    BACKGROUND

This is a frivolous lawsuit concocted "to pay the troll." *McDermott v. Monday Monday, LLC*, No. 17-cv-9230-DLC, 2018 WL 5312903, at *3 (S.D.N.Y. Oct. 26, 2018).

### A.  Plaintiff Mondragon

Plaintiff Mondragon is a home contractor who resides in Arizona. When the asserted photographs were taken, he was not a professional photographer. He was an amateur.

### B.  Third-Party Defendant Moore

Jessica Moore has been working as a full-time professional freelance photographer for several years, and is the true author of the asserted photographs here. She directed and controlled every aspect—from the lighting, camera settings, angles, exposure, and composition—of the resulting photographs now at issue in this litigation. Moore Decl. at ¶¶ 3–7.

Plaintiff's role was to follow Ms. Moore's instructions and learn about photography from her. Moore Decl. at ¶¶ 8–10.

The claims asserted against Ms. Moore in this action include contributory copyright infringement and negligent misrepresentation regarding the copyright for the asserted photographs. [ECF 53]. One of Moore's defenses will be that there is no infringement of the copyright asserted by Plaintiff.

### C.  Defendant Nosrak

Defendant Nosrak provided hats to Ms. Moore for the asserted photographs in exchange for being able to use those photographs featuring its hats. Moore Decl. at ¶ 11.

### D.  The Asserted Copyrighted Photographs

The asserted photographs from Exhibit A of the Amended Complaint are reproduced below:

    

All of the asserted photographs were taken during the photo shoot in Arizona on January 20, 2019 under Ms. Moore's direction and control. Moore Decl. at ¶ 3–7. After controlling the camera settings and composing the scene for the photographs, including positioning herself as the subject of the photographs, Ms. Moore instructed Plaintiff to press the shutter release for the camera. Moore Decl. at ¶ 9.

The hats appearing in each of the photographs are hats that Defendant Nosrak had provided to Ms. Moore for the photo shoot. Moore Decl. at ¶ 11. Ms. Moore also told Plaintiff that the wardrobe, such as the hats, for the photo shoot was being provided by other companies

in exchange for those companies being able to use the photographs later. Moore Decl. at ¶ 12. She explained to Plaintiff that this type of trade work or exchange was common for photographers. *Id*. Nosrak published the asserted photographs in January 2019 after Ms. Moore provided the photographs to Nosrak in exchange for having used the Nosrak hats at the photo shoot. Moore Decl. at ¶¶ 11–13.

Although Plaintiff did not attach a copy of the actual registration to the Amended Complaint [ECF 20], the copyright registration (VA0002149814) states that the photographs were first published in January 2019. Exh. A (printed from U.S. Copyright Office website).

## III.    DISCUSSION

Ms. Moore moves to have Plaintiff, a nonresident of Colorado, post a cost bond as security to assure eventual payment of costs that may be taxed against the plaintiff at the end of a case. *Deatley v. Stuart*, No. 13-CV-01140-REB-BNB, 2013 WL 6068468, at *2 (D. Colo. Nov. 15, 2013), report and recommendation adopted, No. 13-CV-01140-REB-BNB, 2014 WL 700029 (D. Colo. Feb. 24, 2014).

### A.    Legal Standards for a Cost Bond

Requiring a cost bond in federal court is within the court's discretion. *Maddox v. Venezio*, No. 09-cv-01000-WYD-MEH, 2009 WL 4730745, at *1 (D. Colo. Dec. 3, 2009); *see also Radoshevich v. Cent. Bank of Colorado Springs*, 117 F.R.D. 434, 435 (D. Colo. 1987) ("This Court has the inherent authority to require security for costs.").

The following three factors are considered: 1) the merits of plaintiff's claims (that is, whether they are dubious); 2) the ability or willingness of the plaintiff to pay any costs which may be assessed; and 3) substantial costs which might be incurred by the defendant during

preparation for trial. *Id.* (citing *Hartnett v. Catholic Health Initiatives*, 47 F. Supp. 2d 1255, 1256

(D. Colo. 1999)); *Medcorp, Inc. v. Pinpoint Techs., Inc.*, No. 08-CV-00867-MSK-KLM, 2010

WL 4932669, at *3 (D. Colo. Nov. 30, 2010) (ordering a plaintiff to post a cost bond in the

amount of $100,000).

B.    **All Three Factors Favor a Cost Bond**

All three of these factors favors having Plaintiff post a cost bond.

1.    **The Merits of Plaintiff's Claim**

"Where 'the merits of plaintiff's case [are] questionable,' security bonds are considered

appropriate." *Selletti v. Carey*, 173 F.R.D. 96, 102 (S.D.N.Y. 1997) (quoting *Spitzer v. Shanley

Corp.*, 151 F.R.D. 264 (S.D.N.Y. 1993)); *see also Radoshevich*, 117 F.R.D. 434, 435. This does

not mean that the Court must find the plaintiff's claim to be entirely without merit, but rather

"appear to have little merit at the present time, so as to arouse a justifiable concern." *Soo

Hardwoods, Inc. v. Universal Oil Prod. Co.*, 493 F. Supp. 76, 78 (W.D. Mich. 1980) (cited with

approval in *Radoshevich*, 117 F.R.D. at 435).

Here, there is serious doubt as to Plaintiff's copyright claim.

First, Ms. Moore is a professional freelance photographer who directed and controlled

every aspect—from the lighting, camera angles, exposure, and composition—of those resulting

photographs now at issue in this litigation. Moore Decl. at ¶¶ 3–7. Authorship of the

copyrightable expression in a photograph includes selecting and arranging the subject matter,

composition, camera angles, and the lighting as well as when to take the photograph. *Burrow-

Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 60, 4 S. Ct. 279, 28 L. Ed. 349 (1884); *Brod v.

Gen. Publ'g Grp., Inc.,* 32 Fed. Appx. 231 (9th Cir. 2002); *Ets–Hokin v. Skyy Spirits, Inc.*, 225

F.3d 1068, 1076–77 (9th Cir. 2000); *Aalmuhammed v. Lee*, 202 F.3d 1227, 1234 (9th Cir. 2000) ("Control in many cases will be the most important factor."); 17 U.S.C. § 101 ("A work is 'fixed' in a tangible medium of expression . . . by or under the authority of the author"). Plaintiff's role, on the other hand, was to learn photography from Ms. Moore and to follow her instructions including when to press the shutter release for the camera. Moore Decl. at ¶¶ 8–10. As such, Ms. Moore is the true author and owner of the copyright in those photographs. 17 U.S.C. § 201(a) ("Copyright in a work protected under this title vests initially in the author or authors of the work.").

Second, even if the Court determines that she is not the copyright owner, the publication of those photographs was licensed and not an infringement. A license to use a copyrighted work may be verbal or "implied from conduct." *Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 752 (11th Cir. 1997); *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006) ("Consent to use the copyrighted work need not be manifested verbally"). Here, Moore informed Plaintiff that the wardrobe, such as the hats, for the photo shoot was being provided by others such as Defendant Nosrak in exchange for the right to using the photographs afterwards. Moore Decl. at ¶ 12. The use of Nosrak hats in the asserted photographs under these circumstances created either an express or an implied license for Nosrak to use those photographs.

Third, the photo shoot took place on January 20, 2019, and Nosrak published the photographs soon after Ms. Moore provided the photographs to Nosrak in late January in exchange for having used the Nosrak hats in the photographs. Moore Decl. at ¶¶ 4–13. And the asserted copyright registration states that the first publication of the asserted photographs coincidentally also was in January 2019. Exh. A. Even if the Court determines that Moore is not

the copyright owner, and there was no license, this would then appear to be a case of innocent infringement for which statutory damages would be $200. 17 U.S.C. § 504.

The dubious merits of Plaintiff's copyright claim favors having Plaintiff post a cost bond in this action.

### 2.    Ability or Willingness of Plaintiff to Pay Costs

Plaintiff is a nonresident of Colorado, with apparently no assets within Colorado, which could cause complications in recovering a cost award against Plaintiff. *Lipin v. Wisehart*, No. 16-CV-00661-RBJ-STV, 2017 WL 818657, at *4 (D. Colo. Mar. 2, 2017). This factor also favors requiring a cost bond.

### 3.    Substantial Costs Might be Incurred by Defendant

One of Moore's defenses will be that there is no infringement of the copyright asserted by Plaintiff. The costs awarded in a copyright case could include attorneys' fees because a prevailing party may be entitled to a reasonable attorneys' fee as part of costs under the Copyright Act. 17 U.S.C. § 505 ("the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"). Courts may rely on the potential award of attorneys' fees as part of costs in setting the amount for a cost bond. *Selletti*, 173 F.R.D. at 102–3; *Rice v. Musee Lingerie, LLC*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *3 (S.D.N.Y. July 3, 2019) ("costs could also include attorneys' fees"), *reconsideration denied*, No. 18-CV-9130 (AJN), 2019 WL 6619491 (S.D.N.Y. Dec. 5, 2019).

This case was filed through Plaintiff's prior counsel, Richard Liebowitz, who has a history of questionable lawsuits. In fact, "courts in the Southern and Eastern Districts of New York have now begun to regularly require plaintiffs represented by Mr. Liebowitz to file bonds

before proceeding further with his lawsuits." *Stridiron v. Cmty. Broadcasters, LLC*, No. 5:19-CV-108 (MAD/ATB), 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019). Mr. Liebowitz has since withdrawn from this case, but the attorney who replaced him, Craig Sanders, appears to have a similar practice. *See* Exh. B ("Who are these companies?" printed from copyright-demand-letter.com). For example, Mr. Sanders once sought "attorneys' fees totaling $241,443.77" for litigating a copyright case with "a stipulated statutory damages award of only $5,000." *FameFlynet, Inc. v. Jasmine Enters. Inc.*, No. 17-cv-04749, 2019 WL 3733592, at *1 (N.D. Ill. Aug. 8, 2019); *see also Barcroft Media, Ltd. v. Coed Media Grp., LLC*, No. 16-CV-7634 (JMF), 2018 WL 357298, at *2 n.2 (S.D.N.Y. Jan. 10, 2018) (noting that plaintiffs represented by Mr. Sanders "engaged in some troubling litigation tactics"); *BWP Media USA, Inc. v. Busca Corp.*, No. 13-CV-2629-BEN (MDD), 2014 WL 12856014, at *7 (S.D. Cal. July 11, 2014) ("More troubling is the fact that counsel for Plaintiff made significant and material misrepresentations of authority."). In view of the dubious merits of Plaintiff's claim, and the inauspicious litigation practices of Plaintiff's former and current counsel, for whom the merits of a case appear to matter less than extracting money out of defendants—attorneys' fees in litigating this dubious copyright claim are likely to exceed the requested $5,000 bond. This substantial cost favors a cost bond in this action.

### C.    Colorado Public Policy for a Nonresident Plaintiff to Post a Cost Bond

Colorado public policy favors requiring a bond for an out-of-state plaintiff to maintain a cause of action in Colorado.  For example, Colorado statutes C.R.S §§ 13–16–101 and 102 provide that a nonresident plaintiff may be required post a $5,000 bond to maintain the action.

*See also Hytken v. Wake*, 68 P.3d 508, 510 (Colo. App. 2002) ("A nonresident plaintiff's neglect or refusal to file such a bond thus is equivalent to failure or neglect to prosecute.").

## IV.     CONCLUSION

Plaintiff, a nonresident of Colorado, should be ordered to post a cost bond in the amount of $5,000 for this action.

Date: September 17, 2020

*s/ James Juo*
James Juo
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd., #100
Louisville, CO 80027
Telephone: (303) 665-9845
jjuo@thowardlaw.com

*Counsel for Third-Party Defendant*
*Jessica Moore*