IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON
    Plaintiff / Third-Party-Counter-Defendant

v.

NOSRAK LLC and KASEY KING,
    Defendants

---------------------------------------------------------

NOSRAK LLC,
    Third-Party-Plaintiff / Counter-Defendant,
v.

JESSICA MOORE,
    Third-Party-Defendant / Counterclaimant.

**FIRST AMENDED ANSWER AND COUNTERCLAIMS
IN RESPONSE TO ~~THRID~~THIRD-PARTY COMPLAINT**

Third-Party-Defendant Jessica Moore answers Third-Party-Plaintiffs Nosrak LLC and Kasey King allegations as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 of the Third-Party Complaint states only legal conclusions to which no factual response is required. To the extent that a factual response is deemed to be required, Defendant denies the allegations and, on that basis, denies all such allegations.

2. Third-Party-Defendant Moore admits that she was a resident of Colorado in January and February of 2019. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 2, on that basis, denies all such allegations.

3. Paragraph 3 states only legal conclusions to which no factual response is required. To the extent that a factual response is deemed to be required, Defendant denies the allegations.

## PARTIES

4. Third-Party-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies all such allegations.

5. Third-Party-Defendant was the subject of the photographs at issue (the "Arizona Photographs") and provided the Arizona Photographs to Nosrak. Third-Party-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, on that basis, denies all such allegations.

6. Third-Party-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies all such allegations.

## FACTUAL ALLEGATIONS

7. Admit.

8. Admit.

9. Third-Party-Defendant admits that Ms. Moore agreed Ms. Saveall and Mr King could accompany her for a Nosrak photo shoot in Cuba and that Ms. Moore was responsible for purchasing her own airfare to Cuba, but denies that "provid[ing] lodging for Ms. Moore while in Cuba" was Ms. Moore's only compensation "for the resulting photographs" or that taking photographs was the only service to be provided by Ms. Moore in Cuba, and denies the remaining allegations in this paragraph.

10. Third-Party-Defendant denies stating to Ms. Saveall that the Arizona photo shoot was "for a clothing boutique," but admits the remaining allegations in this paragraph.

2

11. Admit.

12. Third-Party-Defendant denies having not "ever refer[red] to Mr. Mondrago," and denies the remaining allegations in this paragraph.

13. Third-Party-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies all such allegations.

14. Admit.

15. Admit.

16. Third-Party-Defendant admits that she returned from Cuba on or about early February 2019, and denies all remaining allegations in Paragraph 16.

17. Third-Party-Defendant admits that Third-Party-Defendant ceased working with Nosrak, denies any "general lack of professionalism" during or after the Cuba trip, denies any unexcused failure to provide photographs, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, on that basis, denies all such allegations.

18. Third-Party-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies all such allegations.

19. Third-Party-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies all such allegations..

20. Third-Party-Defendant admits that she was on vacation in Europe in February 2019, she received a voicemail message from Mr. King, and sent a message to Mr. King's Instagram account during that time, but is without knowledge or information sufficient to form a belief as

3

to the truth of the remaining allegations in Paragraph 20 and, on that basis, denies all such allegations.

21. Admitted.

22. Third-Party-Defendant admits that she did not provide a copyright registration or written agreement to Nosrak, but denies any remaining allegations in the paragraph.

23. Third-Party-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies all such allegations.

24. Third-Party-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies all such allegations.

25. Admitted.

26. Paragraph 26 states only legal conclusions to which no factual response is required. To the extent that a factual response is deemed to be required, Third-Party-Defendant denies the allegations

## SECOND [*sic*] CLAIM FOR RELIEF
## BREACH OF CONTRACT

27. Third-Party-Defendant incorporates by reference every answer contained in the paragraphs above.

28. Third-Party-Defendant admits entering into an agreement with Nosrak in connection with photographs to be taken in Cuba, but denies the remaining allegations in this paragraph.

29. Third-Party-Defendant denies materially breaching the agreement with Nosrak, and denies the remaining allegations in this paragraph.

30. Third-Party-Defendant admits Nosrak provided some housing for Third-Party-Defendnat in Cuba, but denies that Nosrak substantially performed its obligations under the agreement and denies the remaining allegations in this paragraph.

31. Paragraph 31 states only legal conclusions to which no factual response is required. To the extent that a factual response is deemed to be required, Defendant denies the allegations.

**THIRD [*sic*] CLAIM FOR RELIEF**
**NEGLIGENT MISREPRESENTATION**

32. Third-Party-Defendant incorporates by reference every answer contained in the paragraphs above.

33. Third-Party-Defendant admits that she represents herself to be a professional photographer, that she is ~~the true~~at least a joint author and owner of the Arizona Photographs and the copyright to those photographs, and that Nosrak was authorized to use those photographs in advertising, but denies any remaining allegations in the paragraph.

34. Paragraph 34 states only legal conclusions to which no factual response is required. To the extent that a factual response is deemed to be required, Defendant denies the allegations.

35. Third-Party-Defendant admits Mr. Mondragon sued Nosrak for copyright infringement, but is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies all such allegations.

36. Third-Party-Defendant denies making any misrepresentations, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies all such allegations.

37. Third-Party-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies all such allegations

5

38. Paragraph 38 states only legal conclusions to which no factual response is required. To the extent that a factual response is deemed to be required, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Third-Party-Defendant's Affirmative Defenses are listed below, and reserves the right to supplement or amend this answer including additional affirmative defenses.

### First Affirmative Defense

39.     Ownership or License.  The copyright to the Arizona Photographs is owned by Moore or there is a license for such use thereof.

### Second Affirmative Defense

40.     Unclean Hands.  Nosrak failed to pay or reimburse Moore for expenses in connection with the photograph project in Cuba.

### Third Affirmative Defense

41.     Breach of Contract by Nosrak. Moore was not paid or reimbursed for expenses in connection with the photograph project in Cuba.

### Fourth Affirmative Defense

42.     Failure to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

43.     Defendant reserves the right to supplement or amend this answer, including the addition of further affirmative defenses, based upon the course of discovery in this action.

## COUNTERCLAIM AGAINST NOSRAK

Third-Party-Counterclaimant Jessica Moore hereby brings the following counterclaims against Third-Party-Counterclaim-Defendant Nosrak LLC, as follows:

## PARTIES

1. Jessica Moore is an individual who was a resident of Colorado at all times relevant to this suit.

2. Upon information and belief, Nosrak is a Colorado limited liability company with a place of business at 1614 Foxbrook Way, Fort Collins, Colorado 80526.

## JURISDICTION AND VENUE

3. This counterclaim arises under the supplemental jurisdiction of this Court.

4. In addition to being at home in this District, Nosrak has consented to personal jurisdiction of this Court by filing the Third-Party-Complaint in this District.

5. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. Ms. Moore entered into an agreement ("Cuba Agreement") with Nosrak to take photographs in Cuba ("the Cuba Project").

7. In addition to agreeing to pay Ms. Moore a fee for her services as a photographer including providing mentoring sessions for Mr. Kasey King and Ms. Karson Saveall on photorgraphy, Nosrak had agreed to pay for the food and lodging of Ms. Moore in Cuba.

8. Ms. Moore spent eight days in Cuba taking photographs and teaching photography to Mr. King and Ms. Saveall between the end of January 2019 and early February 2019.

9. Mr. King and Ms. Saveall also extensively used Ms. Moore's mobile phone while in Cuba, and Nosrak agreed to reimburse Ms. Moore for those phone expenses.

7

10. Nosrak substantially failed to make payments for Ms. Moore's professional service fees and expensess for the Cuba Project.

## COUNTERCLAIM (NOSRAK)
## BREACH OF CONTRACT

11. Ms. Moore incorporates by reference the preceding paragraphs.

12. Ms. Moore substantially performed under the Cuba Agreement.

13. By substantially failing to make payments for Ms. Moore's professional service fees and expenses for the Cuba Project, Nosrak materially breached its Cuba Agreement with Ms. Moore.

14. Nosrak's breach has damaged Ms. Moore in an amount to be proven at trial based on the breach, plus prejudgment and postjudgment interest, costs, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, the following relief is sought: judgment against Norak and in favor of Moore for damages in an amount to be proven at trial plus costs, plus prejudgment and postjudgment interest, and any further relief as the Court may deem just and proper.

## JURY DEMAND

Moore hereby demands trial by jury on all issues.

## COUNTERCLAIM AGAINST MONDRAGON

Third-Party-Counterclaimant Jessica Moore hereby brings the following third-party-counterclaim against Third-Party-Counterclaim-Defendant Landon Mondragon, as follows:

## PARTIES

1. Jessica Moore is an individual who was a resident of Colorado at all times relevant to this suit.

2. Upon information and belief, Landon Mondragon is an individual residing in Arizona.

## JURISDICTION AND VENUE

3. These cross-claims arise under the copyright laws of the United States, Title 17, United States Code, over which this Court has subject matter jurisdiction.

4. Based on Mondragon's filing of this action in this Court, Mondragon has consented to personal jurisdiction and venue in this District.

## FACTUAL ALLEGATIONS

5. Ms. Moore incorporates by reference the preceding paragraphs.

6. The photographs in Exhibit A attached to the Amended Complaint in this action were taken during a photo shoot that Ms. Moore conducted in Arizona on January 20, 2019.

7. Ms. Moore directed and controlled every aspect—from the lighting, camera settings, angles, exposure, and composition—of the photographs taken at the Arizona photo shoot.

8. Mr. Mondragon is not a professional photographer, and his role in the photo shoot was to learn about photography from Ms. Moore and to follow her instructions.

9. After Ms. Moore adjusted the camera settings and arranged the composition for a photograph, including when Ms. Moore was the model being photographed, Ms. Moore instructed Mr. Mondragon to press the shutter release for the camera.

10. The hats appearing in each of the asserted photographs are hats that Nosrak had provided to Ms. Moore for the photo shoot in exchange for being able to use the photographs featuring its hats afterwards.

11. Ms. Moore told Mr. Mondragon before the photo shoot that the hats had been provided by a company in exchange for the company to use the photographs later, and that this type of exchange or trade work was common for photographers.

12. Shortly after the photo shoot, Ms. Moore delivered the asserted photographs for Nosrak to use.

13. Ms. Moore never assigned the copyright for any photograph to Mr. Mondragon, and never gave him permission to file a copyright application for any photographs or to sue anyone in connection with any photographs.

14. Mr. Mondragon filed for a copyright registration (namely, VA0002149814) covering eight photographs from the Arizona photo shoot, namely 1.20.19-dash2-BisbeeAZ.jpeg, 1.20.19-Jessdash-BisbeeAZ.jpeg, 1.20.19-pump-BisbeeAZ.jpeg, 1.20.19-truck-BisbeeAZ.jpeg, 1.20.2019-jessadpose.jpeg, 1.20.2019-jesscargrill.jpeg, 1.20.2019-jessphonecall.jpeg, 1.21.19-oranges-MesaAZ.jpeg.

15. After Mr. Mondragon filed the present lawsuit, Defendant Nosrak has a filed a Third-Party-Complaint against Ms. Moore claiming negligent misrepresentation with respect to the copyright in the photographs from the Arizona photo shoot that are the subject of Mondragon's copyright claim against Nosrak.

## COUNTERCLAIM (MONDRAGON)
## DECLARATORY JUDGMENT

16.     Ms. Moore incorporates by reference the preceding paragraphs.

17.     On or about July 17, 2019, Mr. Mondragon also threatened Ms. Moore with copyright infringement because Ms. Moore posted photographs from the Arizona photo shoot on social media.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., an actual controversy has arisen and now exists between Mr. Mondragon and Ms. Moore.

19.     The activities of Ms. Moore do not directly or indirectly infringe the copyright for any of the photographs from the Arizona photo shoot, and Nosrak's use of the Arizona photographs was licensed.

20.     Ms. Moore is at least a joint ~~the true~~ author of the eight photographs identified in Copyright Registration No. VA0002149814 as being published in January 2019, namely, 1.20.19-dash2-BisbeeAZ.jpeg, 1.20.19-Jessdash-BisbeeAZ.jpeg, 1.20.19-pump-BisbeeAZ.jpeg, 1.20.19-truck-BisbeeAZ.jpeg, 1.20.2019-jessadpose.jpeg, 1.20.2019-jesscargrill.jpeg, 1.20.2019-jessphonecall.jpeg, 1.21.19-oranges-MesaAZ.jpeg.

## PRAYER FOR RELIEF

WHEREFORE, the following relief is sought:

a)     a declaration that Jessica Moore is a joint author ~~the owner~~ of the copyright in the eight photographs identified in Copyright Registration No. VA0002149814 as being published in Janauary 2019: 1.20.19-dash2-BisbeeAZ.jpeg, 1.20.19-Jessdash-BisbeeAZ.jpeg, 1.20.19-pump-BisbeeAZ.jpeg, 1.20.19-truck-BisbeeAZ.jpeg, 1.20.2019-jessadpose.jpeg, 1.20.2019-jesscargrill.jpeg, 1.20.2019-jessphonecall.jpeg, 1.21.19-oranges-MesaAZ.jpeg; and that Nosrak's use of any of those photographs was licensed;

11

b) an injunction requiring Mondragon to assign the copyright in the eight photographs identified in Copyright Registration No. VA0002149814 as being published in Janauary 2019: 1.20.19-dash2-BisbeeAZ.jpeg, 1.20.19-Jessdash-BisbeeAZ.jpeg, 1.20.19-pump-BisbeeAZ.jpeg, 1.20.19-truck-BisbeeAZ.jpeg, 1.20.2019-jessadpose.jpeg, 1.20.2019-jesscargrill.jpeg, 1.20.2019-jessphonecall.jpeg, 1.21.19-oranges-MesaAZ.jpeg, to Ms. Moore <ins>as a joint author</ins>, and record the assignment with the U.S. Copyright Office;

c) an injunction prohibiting Mondragon from asserting copyright infringement against ~~anyone~~<ins>Moore, Nosrak, or Kasey King</ins> based on any of the Arizona Photographs;

d) judgment against Mondragon <ins>of no copyright infringement of the Arizona Photographs</ins> ~~and~~ in favor of Moore<ins>, Nosrak, and Kasey King</ins>;

e) an award to Moore of her costs and attorneys' fees incurred in this action; and

f) further relief as the Court may deem just and proper.

## JURY DEMAND

Moore hereby demands trial by jury on all issues.

Date: October ~~14~~<ins>29</ins>, 2020

THOMAS P. HOWARD, LLC

*s/ James Juo*
James Juo
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd., Suite #100
Louisville, CO 80027
Telephone: (303) 665-9845
jjuo@thowardlaw.com

*Attorneys for Third-Party-Defendant Jessica Moore*

12