**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON
 Plaintiff / Counterclaim-Defendant / Counterclaimant

v.

NOSRAK LLC and KASEY KING,
 Defendants

----------------------------------------------------------

NOSRAK LLC,
 Third-Party-Plaintiff / Counterclaim-Defendant,
v.

JESSICA MOORE,
 Third-Party-Defendant / Counterclaimant / Counterclaim-Defendant.

**RENEWED MOTION FOR COST BOND IN VIEW OF COUNTERCLAIM OF
COPYRIGHT INFRINGEMENT**

Counterclaim-Defendant Jessica Moore hereby moves the Court for an order requiring Counterclaimant Landon Mondragon to post a cost bond in the amount of $16,500 in view of Mondragon's new counterclaim of copyright infringement against Moore. As this is a renewed motion where many of the issues have already been briefed by the parties and decided by the Court, an abbreviated briefing schedule is appropriate.

Pursuant to D.C.COLO.L.CivR 7.1(b), counsel for Mondragon was informed of the basis for this motion, and Mondragon will oppose the motion.

1

**I.     INTRODUCTION**

On November 12, 2020, the Court ordered a cost bond in the amount of $3,500 to secure the litigation costs for Defendant Nosrak and King.  An additional bond of at least $16,500 to secure the litigation costs for Counterclaim-Defendant Jessica Moore is appropriate for the following reasons:

- Counterclaimant Mondragon's copyright infringement counterclaim [Dkt. #112] against Counterclaim-Defendant Moore filed on November 20, 2020 is just as "dubious" as his claim against Defendant Nosrak;

- The prior $3,500 cost bond was paid by Mondragon's prior counsel who had withdrew from this action to avoid a sanction order, which raises further concerns about the fee arrangement and Mondragon's ability or willingness to pay;

- Moore has already incurred about $13,000 in legal fees in this lawsuit, and will likely incur at least another $3,500 in connection with discovery as anticipated in the Court's November 12, 2020 Order [Dkt. #109].

Accordingly, in view of Mondragon's new counterclaim of copyright infringement against Moore, the Court should order Mondragon to post an additional cost bond.

**II.    BACKGROUND**

This is a copyright infringement case filed by Mondragon against Nosrak and Kasey King for having published photographs on Instagram that Mondragon claims as his own.

The Court's November 12, 2020 Order noted Nosrak's defense that the images in question were provided by Moore in exchange for use of the hats in the published photographs was corroborated by a sworn affidavit from Ms. Moore.  "[E]ven if the photographs belong to

2

Mr. Mondragon, there is still a good argument that Nosrak and King had an express license to use the images in exchange for the use of the Nosrak hats." [Dkt. #109] at 2.

This case was originally filed on May 20, 2019, by attorney Richard Liebowitz, a New York-based lawyer whose "slipshod practices" have resulted in numerous sanctions. [Dkt. #109] at 2–3. Mr. Liebowitz also was sanctioned in this case. *Id*. at 4. "Rather than complying with the sanction, . . . Mr. Liebowitz withdrew from this and all his other District of Colorado cases, turning the matter over to current counsel, Craig Sanders," another New York-based lawyer. *Id*. Nonetheless, the Court found that this case "retains the taint of having its origin in Mr. Liebowitz's volume copyright practice technique of 'file first—ask questions later.'" *Id*. at 5.

In the earlier motion for cost bond [Dkt. #87], Mondragon "object[ed] that Ms. Moore has no standing to seek a cost bond from him, because he has not sued Ms. Moore [who] is, instead, the defendant in the third-party claim filed by Mr. King and Nosrak." [Dkt. #109] at 5–6. But the Court found that the issue of standing was moot because Nosrak had joined the motion for cost bond. *Id*. at 6.

On **November 12, 2020**, the Court granted the motion, finding Mondragon's claim to be "dubious," and that he had no ability (or enthusiasm) to pay any adverse cost award. [Dkt. #109] at 7. On the issue of the potential costs in this case, the Court noted that costs of several thousand dollars could be "substantial" for an individual. *Id*. at 8. The Court's analysis of this prong focused entirely on Defendants Nosrak and King. *Id*. In view of the anticipated costs of discovery on Nosrak and King, the Court ordered Mondragon to post a cost bond in the amount of $3,500 by November 27, 2020. *Id*.

3

One week later, on **November 20, 2020**, Mondragon filed a Counterclaim against Moore for copyright infringement. [Dkt. #112]. Mondragon's copyright infringement counterclaim against Moore is based on the same facts as his "dubious" copyright infringement claim against Nosrak.

The following week, on **November 24, 2020**, the amount of $3,500 was paid to the Clerk of the Court by "Liebowtiz Law Firm." [Dkt. #115].

On **December 1, 2020**, the Court issued an advisory notice that Mr. Liebowitz was suspended from the practice of law before the Southern District of New York and now ineligible to practice in any case before the District of Colorado. [Dkt. #116].

### III.   DISCUSSION

#### A.   Legal Standards for a Cost Bond

Requiring a cost bond in federal court is within the court's discretion. *Maddox v. Venezio*, No. 09-cv-01000-WYD-MEH, 2009 WL 4730745, at *1 (D. Colo. Dec. 3, 2009).

The amount of a cost bond is not limited to what may be recovered under 28 U.S.C. § 1920.  *Medcorp, Inc. v. Pinpoint Techs., Inc.*, No. 08-CV-00867-MSK-KLM, 2010 WL 4932669, at *3 (D. Colo. Nov. 30, 2010).

The Court considers three factors: 1) the merits of plaintiff's claims (that is, whether they are dubious); 2) the ability or willingness of the plaintiff to pay any costs which may be assessed; and 3) substantial costs which might be incurred by the defendant during preparation for trial. *Hartnett v. Catholic Health Initiatives*, 47 F. Supp. 2d 1255, 1256 (D. Colo. 1999).

### B. All Three Factors Favor a Cost Bond to Protect Moore

As discussed in the Court's November 12, 2020 Order, two factors that favor having Mondragon post a cost bond are that (1) Mondragon's copyright infringement claim is "dubious" and (2) his lack of ability or willingness to pay any adverse cost award. [Dkt. #109]. The Order, however, did not consider the substantial costs on Moore in preparing for trial under the third factor, and instead only considered the potential costs of Defendants Nosrak and King. *Id*. at 8. The Court apparently did not consider Moore's costs because Mondragon had objected that "he has not sued Ms. Moore." *Id*. at 6. But a week after the Court issued its November 12, 2020 Order, Mondragon filed a counterclaim of copyright infringement against Moore. [Dkt. 112].

Now that Mondragon has asserted a counterclaim of copyright infringement directly against Moore, Court should require another cost bond from Mondragon in view of the costs already incurred and potentially could be incurred by Moore. The substantial costs on Moore, an individual, in preparing for trial requires another significantly higher cost bond.

The recoverable costs in a copyright case could include attorneys' fees because a prevailing defendant may be entitled to a reasonable attorneys' fee as part of costs under the Copyright Act. 17 U.S.C. § 505 ("the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"). Courts have relied on the potential award of attorneys' fees as part of costs in setting the amount for a cost bond. *E.g.*, *Rice v. Musee Lingerie, LLC*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *3 (S.D.N.Y. July 3, 2019) ("Defendant's costs could also include attorneys' fees"), *reconsideration denied*, No. 18-CV-9130 (AJN), 2019 WL 6619491 (S.D.N.Y. Dec. 5, 2019).

5

Here, the Court should order Mondragon to post another cost bond of **at least $16,500**. As evidenced by the three invoices attached hereto as Exhibits A through C, Moore already has incurred attorneys' fees of about $13,000 through the end of November 2020.  And additional costs of $3,500 for discovery can reasonably be anticipated, as noted in the Court's November 12, 2020 Order [Dkt. #109].  Thus, about $16,500 is a conservative analysis of the costs for Moore in preparing for trial.

Furthermore, the fact that **Mondragon's prior counsel, Mr. Liebowitz**, paid the earlier $3,500 bond [Dkt. #115] and apparently is still very much involved in this lawsuit—even though he had withdrawn from this case to avoid a sanction order by the Court, and is now ineligible to practice before this Court—adds to the concerns about Mondragon's ability or willingness to pay.  This further supports the need for a significant cost bond to protect Ms. Moore.

Moreover, Mr. Liebowitz's continued involvement in this lawsuit also raises concerns of professional responsibility.  For example, D.C.COLO.LAttyR 2(a) adopts the Colorado Rules of Professional Conduct, where Rule 1.5(d) requires that a division of a fee between lawyers who are not in the same firm may be made only if "the client agrees to the arrangement, including the basis upon which the division of fees shall be made, and the client's agreement is confirmed in writing," and that the total fee is reasonable.  To ensure that Mondragon is properly informed of any fee-sharing arrangement between Mr. Liebowitz and Mr. Sanders, the Court also should order Mr. Sanders to submit copies of all fee arrangements with Mondragon in this matter as well as Mondragon's written confirmation agreeing to any division of fees to the Court.

6

**IV.   CONCLUSION**

In view of Mondragon's dubious copyright infringement counterclaim against Moore filed on November 20, 2020 [Dkt. #112] after the Court ordered Mondragon to post a $3,500 bond to protect Nosrak and King—Mondragon should be ordered to post an additional cost bond in the amount of at least $16,500 to protect Moore in this action.

In addition, Mr. Sanders should be ordered to provide the Court with copies of all fee arrangements with Mondragon in this matter together with Mondragon's written confirmation agreeing to any division of fees.

Furthermore, because this is a renewed motion where many issues already have been briefed by the parties and decided by the Court, an abbreviated briefing schedule should be set.

Date: December 8, 2020

*s/ James Juo*
James Juo
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd., #100
Louisville, CO 80027
Telephone: (303) 665-9845
jjuo@thowardlaw.com

*Counsel for Counterclaim-Defendant Jessica Moore*