**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.: 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON
        Plaintiff / Counterclaim-Defendant / Counterclaimant

v.

NOSRAK LLC and KASEY KING,
        Defendants

----------------------------------------------------------

NOSRAK LLC,
                Third-Party-Plaintiff / Counterclaim-Defendant,
v.

JESSICA MOORE,
                Third-Party-Defendant / Counterclaimant / Counterclaim-Defendant.

---

**COUNTER-DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY TO
COUNTERCLAIMANT'S RESPONSE TO RENEWED MOTION FOR BOND**

---

Counterclaim-Defendant Jessica Moore hereby moves the Court for leave to file a reply

to the Response [ECF 125] by Counterclaimant Landon Mondragon against Moore's renewed

motion for cost bond.  For reasons set forth herein, there is good cause to allow Moore to file a

Reply.

Pursuant to D.C.COLO.L.CivR 7.1(b), counsel for Mondragon was informed of the basis

for this motion, and Mondragon will oppose the motion.

1

## I.    BACKGROUND

On November 12, 2020, the Court ordered Mondragon to post a cost bond in the amount

of $3,500 based entirely on discovery costs that may be incurred by Defendant Nosrak because

Mondragon argued that he had not sued Moore. [Dkt.#109].

On November 21, 2020, Mondragon filed a Counterclaim against Moore for copyright

infringement based on the same facts as his copyright claim against Nosrak. [Dkt.#112].

On December 8, 2020, Moore filed her renewed motion for bond based on costs that may

be incurred by her now that Mondragon has asserted a copyright claim against her. [Dkt.#118].

On December 9, 2020, the Court's Amended Minute Order [Dkt.#121] stated that no

reply will be accepted in connection with Moore's renewed motion for cost bond.

On December 10, 2020, Mondragon filed a "Joint Motion for Dismissal of Defendant

Kasey King and All Claims Between Plaintiff and Defendants Nosrak and Mr. King" which also

sought to maintain Mondragon's claim of indirect infringement against Moore.  [Dkt.#123].

The next day, Moore filed her Response. [Dkt.#124].  The motion remains pending.

On December 15, 2020, Mondragon served requests for production and interrogatories on

Defendant Nosrak.

On December 18, 2020, Mondragon then served two sets of amended discovery requests

on Defendant Nosrak.  Exs. 1 and 2.

Later that same day, Mondragon filed his Response [Dkt.#125] to Moore's renewed

motion for cost bond in which Mondragon relied on his subsequently filed motion for dismissal

to seek release of the earlier $3,500 bond.

## II.    DISCUSSION

Mondragon's Response [Dkt.#125] relies on new facts that subsequently arose after the filing of Moore's motion, such as the "Joint Motion for Dismissal of Defendant Kasey King and All Claims Between Plaintiff and Defendants Nosrak and Mr. King" [Dkt.#123], which was filed two days after the filing of Moore's renewed motion for bond.[1]

In particular, Mondragon's Response argued that the $3,500 bond should be released because "the case between Plaintiff and Defendant [Nosrak] has now been dismissed without costs."  [Dkt.#125] at 2.  The Court should not release the $3,500 bond to Mondragon for the following reasons.

First, Mondragon mischaracterized the status of the dismissal of his claim against Nosrak. The requested dismissal is still pending and subject to "terms that the court considers proper." Fed. R. Cir  P. 41(a)(2).

Second, the Court previously set the $3,500 bond based on discovery costs that may be incurred by Defendant Nosrak.  But—on the same day that Mondragon filed his Response seeking to release the $3,500 bond—Mondragon served two sets of amended discovery requests on Nosrak.  Exs. 1 and 2.  Mondragon's contemporaneous actions are contrary to his argument for releasing the $3,500 bond.

---

[1] Drawing an analogy to a surreply, which typically are not permitted, "a surreply brief is necessary only if the reply brief raises new material that was not included in the original motion." *Pirnie v. Key Energy Services, LLC*, No. 08-cv-01256-CMA- KMT, 2009 WL 1386997, at *1 (D. Colo. May 15, 2009) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)). "'New material' can include new legal arguments or factual evidence." *Id.*

Third, as stated in the Declaration of Landon Mondragon [Dkt.#126], the Liebowitz Law Firm volunteered to pay the $3,500 bond to maintain this litigation, so releasing the bond to Mondragon would amount to the Liebowitz Law Firm paying Mondragon for this litigation.[2]

As a sanction against such chicanery, the $3,500 bond that the Liebowitz Law Firm volunteered to pay for Mondragon could be given to the Civil Pro Bono Panel Reimbursement Fund which had assisted Defendant Nosrak earlier in this action.

## III.    CONCLUSION

For the foregoing reasons, there is good cause to grant leave for Moore to file a Reply to address the new facts and issues raised in Mondragon's Response.

Date: December 21, 2020                        *s/ James Juo*

James Juo
THOMAS P. HOWARD, LLC
842 W. South Boulder Rd., #100
Louisville, CO 80027
Telephone: (303) 665-9845
jjuo@thowardlaw.com

*Counsel for Counterclaim-Defendant Jessica Moore*

---

[2] Notably, D.C.COLO.LAttyR 2(a) adopts the Colorado Rules of Professional Conduct, where Rule 1.8(e) states, "[a] lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation."  *See also* ABA Model Rule 1.8(e).

4