**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01437-CMA-NRN

Landon Mondragon,

        Plaintiff,

v.

Nosrak LLC and Kasey King,

        Defendants,

    v.

Nosrak LLC and Kasey King,

        Third-Party Plaintiff,

v.

Jessica Moore,

        Third-Party Defendant.

**PLAINTIFF'S AMENDED FIRST REQUESTS FOR PRODUCTION
TO DEFENDANTS NOSRAK, LLC AND KASEY KING**

| | |
|---|---|
| Propounding Party: | Plaintiff Landon Mondragon |
| Responding Party: | Nosrak, LLC and Kasey King |
| Set: | One (1) |
| Numbers: | 1 – 5 |

**PLEASE TAKE NOTICE**, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Landon Mondragon ("Plaintiff") propounds the following requests for production of documents and things, and requests that defendants Nosrak, LLC and Kasey King ("Defendant") serve a written response and produce for examination, inspection, and copying the documents and tangible things in the categories specified below, within thirty

**EXHIBIT 1**

(30) days after service hereof, at the offices of BARSHAY SANDERS PLLC, 100 Garden City Plaza, Suite 500, Garden City, New York 11530.

**PLEASE TAKE FURTHER NOTICE** that this request shall be deemed to be continuing so as to require prompt supplement production if any additional responsive documents are discovered after the original response.

## GENERAL DEFINITIONS

Except as otherwise specified, all terms used in these requests shall be construed in accordance with the following definitions:

a. "ACTION" or "COMPLAINT" refers to the above-entitled action including the Amended Complaint filed on September 20, 2019.

b. "CONCERNING", "RELATING TO" or "REFERRING TO" means relating to, referring to, or pertaining in any way, directly or indirectly, to a document or class of documents, or an event, act or occurrence, and includes, without limitation, comprising, constituting, analyzing, describing, evidencing, comparing, summarizing, discussing, reflecting, showing, referring to, forming the basis of, containing, or supporting the event, act, or occurrence.

c. "PLAINTIFF" refers to plaintiff together with any and all of its present and former agents, attorneys, representatives and any other person(s) acting on their behalf.

d. "YOU" and "YOUR" refer to DEFENDANT together with any and all of its present and former agents, attorneys, representatives and any other person(s) acting on their behalf.

e. "PHOTOGRAPHS" means the images referenced in the Complaint and, specifically, any and all images attached thereto.

f. "DOCUMENT" is used in the broadest possible sense to mean and include, without limitation, any written, printed, typed, photocopied, electronically-stored, recorded or otherwise reproduced communication, representation or transmittal of information, whether composed of letters, words, numbers, pictures, sounds or symbols or any combination thereof. Without limiting the generality of the foregoing, the term "DOCUMENT" includes, but is not limited to, correspondence, memoranda, notes, records, letters, electronic mail (email) messages, mobile text messages, envelopes,

telegrams, messages, studies, analyses, contracts, agreements, drafts, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, applications for or registrations of intellectual property (whether patents, copyrights, trademarks, or otherwise), trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or other communications, whether oral or written, of any type, including inter- and intraoffice communications, questionnaires, surveys, charts, graphs, sound recordings, commercials, films, tapes, tape recordings, disks, compact disks, CD-ROMs, data cells, print-outs, web screens and data posted to websites, data downloaded from websites, all other data compilations from which information can be obtained (translated or otherwise rendered, if necessary, into usable form) and any preliminary versions, drafts or revisions of any of the foregoing.

g.      "COMMUNICATIONS" means the transmittal of information in any form, including without limitation in any written, oral or electronic form, and including all DOCUMENTS.

h.      "PERSON" means natural persons, groups of natural persons acting as individuals, groups of natural persons active in a collegial capacity (e.g. as a committee, board of directors, etc.), government ministries, agencies, offices, departments or other units thereof, corporations, partnerships, associations, joint ventures, proprietorships, or any other incorporated or unincorporated business or social entity.

i.      IDENTIFY" or "IDENTITY" means as follows:

1. When used in connection with an individual, information sufficient to ascertain: (i) his or her full name; (ii) his or her present or last known position; (iii) his or her present or last known employer and/or business affiliation; (iv) the dates of such employment or affiliation; and (v) his or her present or last known residential and business addresses and telephone numbers.

2.      When used in connection with a firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, information sufficient to ascertain: (i) its full name; (ii) present or last known address and place of incorporation or formation; (iii) present or last known principle

place of business; and (iv) Identify each person that acted for it or on its behalf with respect to the matters relating to the request or answer.

3. When used in connection with a DOCUMENT, information sufficient to ascertain: (i) the full name, address and phone number of the author; (ii) the nature or type of document; (iii) the date and time; (iv) the addressee or recipient; (v) the subject matter; (vi) whether the document is stored in physical or electronic form, or both; and (vii) the present location of the document. In lieu of such identification, you may attach a copy of the writing containing said written statement and refer thereto in your answer or, if the document has been produced, refer to it by its Bates number.

4. When used in connection with an account, information sufficient to ascertain: (i) the full name of the bank or other institution at which the account is located; (ii) the branch at which the account is located; (iii) the address and telephone number of the branch at which the account is located; (iv) the account number of the account; and (v) IDENTIFY each PERSON that is authorized to access or make withdrawals from the account.

5. When used in connection with a payment or monetary amount, information sufficient to ascertain: (i) the date that the payment or amount was paid or comes due, if any; (ii) the amount of the payment; (iii) the party making such payment or owing such monetary amount; (iv) the party receiving such payment or owed such monetary amount; and (v) the purpose of such payment.

6. When used in connection with an asset or liability (including, but not limited to any item, real property, intellectual property, or any other type of tangible or intangible asset), information sufficient to ascertain: (1) the name, title, or nature of the asset or liability; (ii) the present location, if any, of the asset or liability; (iii) the present value of the asset or liability; (iv) any liens or other encumbrances on the asset or liability; and (v) the expected disposition, sale, payment or extinguishment of the asset or liability, if any, including the date thereof.

7. When used in connection with a loan, information sufficient to ascertain: (i) the amount of the loan; (ii) the PERSON(s) making the loan; (iii) the PERSON(s) receiving the loan; (iv) the purpose of the loan; (v) the duration of the

loan; (vi) the interest rate of the loan; (vii) any other material terms of the loan; and (viii) the date on which the loan was or will be paid back.

  8. When used in connection with an investment, information sufficient to ascertain: (i) the amount of the investment; (ii) the PERSON(s) making the investment; (iii) the PERSON(s) in whom the investment is made; (iv) the purpose of the investment; (v) the duration of the investment; (vi) the expected rate of return of the investment; (vii) any other material terms of the investment; and (viii) the date on which the money invested was or will be paid back.

  j. "WRITING" is used in the broadest sense permissible under the law and includes any original, reproduction or copy of any kind, of written or documentary material including, without limitations, correspondence, memoranda, interoffice communications, notes, diaries, contract documents, drawings, plans, specifications, estimates, vouchers, billing, checks, reports studies, telegrams, notes or telephone conversations, and notes of any oral communications without limitation to the format or media on which it is set forth or stored.

## INSTRUCTIONS

  1. YOU are required to produce all DOCUMENTS requested that are within YOUR possession, custody or control, or in the possession, custody or control of YOUR representatives, attorneys, agents and/or other persons acting or purporting to act on YOUR behalf, including any predecessors or successors.

  2. The DOCUMENTS shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the number of this request to which they are responsive. If the DOCUMENT is responsive to more than one number of this request, it shall be labeled so as to indicate each request to which it is responsive.

  3. If YOU maintain that any DOCUMENT which is requested is protected from disclosure by any privilege, including the attorney-client privilege or the work-product doctrine, specify with particularity:

    a. The title (if any) and general nature of the document or object; i.e., whether it is a letter, a memorandum, a report, a drawing, a chart, a pamphlet, a model, etc.;

    b. The general subject matter of the document or object;

    c. The name and business address of the original author or draftsman of the document, or builder or creator of a tangible object, or of any person who has edited, corrected, revised, or amended or has entered any initials or comment or notation on such a document, or has modified or reconstructed such an object;

    d. The date thereof, including any date of any such editing, correcting, revising, amending, modifying, or reconstructing and, if appropriate, the number of pages thereof;

    e. Any numerical designation appearing thereon, such as a drawing number, sample number, or file reference, and, if a sample, the approximate amount thereof;

    f. The name and address of each recipient of the document;

    g. The location and identification of each file or other place where the document or object is normally kept, and the name and address of each person now having possession, custody, or control of each such document or object;

    h. For each document or object to which the party to whom this notice is directed will contend is privileged or otherwise excludable from discovery, the basis for such claim or privilege or other grounds for exclusion; and

    i. Whether such party is willing voluntarily to produce to the undersigned such document or object for inspection and copying at this time or under a mutually satisfactory order of confidentiality.

    4. In the event that any DOCUMENT called for in this request has been destroyed, lost, discarded, or otherwise disposed of, any such DOCUMENT is to be identified as completely as possible, including, without limitation, the following information:

    a. The date of disposal;

    b. The manner of disposal;

    c. The reason for disposal;

    d. The person authorizing disposal; and

**EXHIBIT 1**

    e.  The person disposing of the DOCUMENT.

5. This request shall be deemed continuing so as to require prompt, supplemental production if YOU obtain or create additional DOCUMENTS subsequent to the date hereof.

6. Electronic records and computerized information must be produced in native format with metadata intact, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

7. The use of the singular shall be deemed to include the plural and vice versa. The terms "and" and "or" shall be interpreted liberally as conjunctive, disjunctive or both, depending on the context, so as to have their broadest meaning. Whenever necessary to bring within the scope of a request documents that might otherwise be construed to be outside its scope, the use of a verb in any tense shall be construed as the use of the verb in other tenses. The term "all" includes "any" and vice versa.  For the purpose of these demands, wherever necessary to ensure completeness or accuracy, words employing the singular number include the plural, and words employing the plural include the singular; similarly, words employing the masculine gender include the feminine and neuter genders, and words employing the neuter gender include the masculine and feminine genders

8. Unless otherwise stated, each part, paragraph and subparagraph of these Document Requests shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

9. Unless otherwise provided, each request is for documents from the time period beginning from January 1st of two years prior of the date of the alleged infringement up to and including the date you respond to these requests.

10. Each request for documents seeks production of all documents described, along with any attachments, drafts, and non-identical copies, in any language whatsoever.  If any document request cannot be complied with in full, it should be complied with to the extent possible, with an explanation as to why full compliance is not possible. In the event that any document called for by this request has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (i) identify each and every

author of the document; (ii) identify each and every addressee or recipient of the document; (iii) state the date and subject matter of the document; (iv) state the date and reason for disposal of the document; and (v) identify each and every person who authorized disposal and/or disposed of the document.

## DOCUMENTS AND DISCOVERY ITEMS TO BE PRODUCED:

1. All DOCUMENTS or COMMUNICATIONS between Plaintiff and Defendant.

2. All DOCUMENTS or COMMUNICATIONS between Defendant and Third-Party Defendant Jessica Moore.

3. All DOCUMENTS or COMMUNICATIONS RELATING TO any agreements between Defendant and Plaintiff.

4. All DOCUMENTS or COMMUNICATIONS other than those produced in response to the foregoing requests, on which Defendant intend to rely in connection with this lawsuit.

5. All DOCUMENTS CONCERNING any compensation paid to Third-Party Defendant Jessica Moore CONCERNING the PHOTOGRAPHS.

Dated: December 18, 2020

**BARSHAY SANDERS, PLLC**

By: /s Craig B. Sanders
Craig B. Sanders, Esquire
100 Garden City Plaza
Suite 500 Garden City, New York 11530
Tel. (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*

To:

**WERGE LAW LLC**
Thomas E.M. Werge, Esq.
1627 N. Vine Street, Suite 200
Denver, CO 80206
Tel: (720) 507-5008
Email: tom@werge.law
*Attorneys for Defendants*

**THOMAS P. HOWARD LLC**
James Juo, Esq.
842 West South Boulder Road
Suite 100
Louisville, CO 80027
Email: jjuo@thowardlaw.com
*Attorney for Third Party Defendant
Jessica Moore*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020 I caused to be served via electronic mail a copy of Plaintiff's First Amended Request for Production on:

**WERGE LAW LLC**
Thomas E.M. Werge, Esq.
1627 N. Vine Street, Suite 200
Denver, CO 80206
Tel: (720) 507-5008
Email: tom@werge.law
*Attorneys for Defendants*

**THOMAS P. HOWARD LLC**
James Juo, Esq.
842 West South Boulder Road
Suite 100
Louisville, CO 80027
Email: jjuo@thowardlaw.com
*Attorney for Third Party Defendant
Jessica Moore*

By: */s Craig B. Sanders*
Craig B. Sanders

**EXHIBIT 1**