### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01437-CMA-NRN

Landon Mondragon,

        Plaintiff,

v.

Nosrak LLC and Kasey King,

        Defendants,

    v.

Nosrak LLC and Kasey King,

        Third-Party Plaintiff,

v.

Jessica Moore,

        Third-Party Defendant.

---

**PLAINTIFF'S FIRST AMENDED REQUESTS FOR INTERROGATORIES
DEFENDANTS NOSRAK LLC and KASEY KING**

---

| | |
|---|---|
| Propounding Party: | Plaintiff Landon Mondragon |
| Responding Party: | Nosrak LLC and Kasey King |
| Set: | One (1) |
| Numbers: | 1 |

**PLEASE TAKE NOTICE**, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Landon Mondragon ("Plaintiff") propounds the following requests that defendants Nosrak, LLC and Kasey King ("Defendant") within 30 days after service hereof respond, under oath, separate, and fully in writing, at the office of Barshay Sanders, PLLC, 100 Garden City Plaza, Suite 500, Garden City, New York

1

**EXHIBIT 2**

**PLEASE TAKE FURTHER NOTICE** that this request shall be deemed to be continuing so as to require prompt supplement production if any additional responsive documents are discovered after the original response.

## GENERAL DEFINITIONS

Except as otherwise specified, all terms used in these requests shall be construed in accordance with the following definitions:

a. "ACTION" or "COMPLAINT" refers to the above-entitled action including the Amended Complaint filed on September 20, 2019.

b. "CONCERNING", "RELATING TO" or "REFERRING TO" means relating to, referring to, or pertaining in any way, directly or indirectly, to a document or class of documents, or an event, act or occurrence, and includes, without limitation, comprising, constituting, analyzing, describing, evidencing, comparing, summarizing, discussing, reflecting, showing, referring to, forming the basis of, containing, or supporting the event, act, or occurrence.

c. "PLAINTIFF" refers to plaintiff together with any and all of its present and former agents, attorneys, representatives and any other person(s) acting on their behalf.

d. "YOU" and "YOUR" refer to DEFENDANT together with any and all of its present and former agents, attorneys, representatives and any other person(s) acting on their behalf.

e. "PHOTOGRAPHS" means the images referenced in the Complaint and, specifically, any and all images attached thereto.

f. "DOCUMENT" is used in the broadest possible sense to mean and include, without limitation, any written, printed, typed, photocopied, electronically-stored, recorded or otherwise reproduced communication, representation or transmittal of information, whether composed of letters, words, numbers, pictures, sounds or symbols or any combination thereof. Without limiting the generality of the foregoing, the term "DOCUMENT" includes, but is not limited to, correspondence, memoranda, notes, records, letters, electronic mail (email) messages, mobile text messages, envelopes, telegrams, messages, studies, analyses, contracts, agreements, drafts, working papers, summaries, statistical statements, financial statements or work papers, accounts,

analytical records, reports and/or summaries of investigations, applications for or registrations of intellectual property (whether patents, copyrights, trademarks, or otherwise), trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or other communications, whether oral or written, of any type, including inter- and intraoffice communications, questionnaires, surveys, charts, graphs, sound recordings, commercials, films, tapes, tape recordings, disks, compact disks, CD-ROMs, data cells, print-outs, web screens and data posted to websites, data downloaded from websites, all other data compilations from which information can be obtained (translated or otherwise rendered, if necessary, into usable form) and any preliminary versions, drafts or revisions of any of the foregoing.

g. "COMMUNICATIONS" means the transmittal of information in any form, including without limitation in any written, oral or electronic form, and including all DOCUMENTS.

h. "PERSON" means natural persons, groups of natural persons acting as individuals, groups of natural persons active in a collegial capacity (e.g. as a committee, board of directors, etc.), government ministries, agencies, offices, departments or other units thereof, corporations, partnerships, associations, joint ventures, proprietorships, or any other incorporated or unincorporated business or social entity.

i. IDENTIFY" or "IDENTITY" means as follows:

1. When used in connection with an individual, information sufficient to ascertain: (i) his or her full name; (ii) his or her present or last known position; (iii) his or her present or last known employer and/or business affiliation; (iv) the dates of such employment or affiliation; and (v) his or her present or last known residential and business addresses and telephone numbers.

2. When used in connection with a firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, information sufficient to ascertain: (i) its full name; (ii) present or last known address and place of incorporation or formation; (iii) present or last known principle place of business; and (iv) Identify each person that acted for it or on its behalf with respect to the matters relating to the request or answer.

3.  When used in connection with a DOCUMENT, information sufficient to ascertain: (i) the full name, address and phone number of the author; (ii) the nature or type of document; (iii) the date and time; (iv) the addressee or recipient; (v) the subject matter; (vi) whether the document is stored in physical or electronic form, or both; and (vii) the present location of the document. In lieu of such identification, you may attach a copy of the writing containing said written statement and refer thereto in your answer or, if the document has been produced, refer to it by its Bates number.

4.  When used in connection with an account, information sufficient to ascertain: (i) the full name of the bank or other institution at which the account is located; (ii) the branch at which the account is located; (iii) the address and telephone number of the branch at which the account is located; (iv) the account number of the account; and (v) IDENTIFY each PERSON that is authorized to access or make withdrawals from the account.

5.  When used in connection with a payment or monetary amount, information sufficient to ascertain: (i) the date that the payment or amount was paid or comes due, if any; (ii) the amount of the payment; (iii) the party making such payment or owing such monetary amount; (iv) the party receiving such payment or owed such monetary amount; and (v) the purpose of such payment.

6.  When used in connection with an asset or liability (including, but not limited to any item, real property, intellectual property, or any other type of tangible or intangible asset), information sufficient to ascertain: (1) the name, title, or nature of the asset or liability; (ii) the present location, if any, of the asset or liability; (iii) the present value of the asset or liability; (iv) any liens or other encumbrances on the asset or liability; and (v) the expected disposition, sale, payment or extinguishment of the asset or liability, if any, including the date thereof.

7.  When used in connection with a loan, information sufficient to ascertain: (i) the amount of the loan; (ii) the PERSON(s) making the loan; (iii) the PERSON(s) receiving the loan; (iv) the purpose of the loan; (v) the duration of the loan; (vi) the interest rate of the loan; (vii) any other material terms of the loan; and (viii) the date on which the loan was or will be paid back.

      8.    When used in connection with an investment, information sufficient to ascertain: (i) the amount of the investment; (ii) the PERSON(s) making the investment; (iii) the PERSON(s) in whom the investment is made; (iv) the purpose of the investment; (v) the duration of the investment; (vi) the expected rate of return of the investment; (vii) any other material terms of the investment; and (viii) the date on which the money invested was or will be paid back.

      j.    "WRITING" is used in the broadest sense permissible under the law and includes any original, reproduction or copy of any kind, of written or documentary material including, without limitations, correspondence, memoranda, interoffice communications, notes, diaries, contract documents, drawings, plans, specifications, estimates, vouchers, billing, checks, reports studies, telegrams, notes or telephone conversations, and notes of any oral communications without limitation to the format or media on which it is set forth or stored.

## **INSTRUCTIONS**

      A.    Answer each interrogatory separately, fully, in writing and under oath.

      B.    If any objection is made to any interrogatory herein, the objection shall state with particularity the basis therefor, and the interrogatory shall be answered to the extent not objected to. If the objection is based on the attorney-client privilege or the work product rule, the objection shall identify the communication as set forth herein and shall state with reasonable specificity the basis for the claim of privilege or work product.

      C.    If YOU contend that the answer to any interrogatory is privileged in whole or in part, state all facts supporting such privilege, and identify each person having knowledge of the factual basis on which the privilege is asserted.

      D.    Except as set forth in the definitions above, any reference to a person, corporation, association, partnership, company or joint venture shall mean that person or entity, any parents, affiliates, divisions, controlled companies, subsidiaries or otherwise related persons and entities, and all of his, her or its current or former agents, representatives, employees, attorneys, accountants, officers, directors, auditors, and consultants or other persons or entities acting or purporting to act on his, her or its behalf.

**EXHIBIT 2**

E. Unless otherwise stated, each part, paragraph and subparagraph of these Requests shall be construed independently and without reference to any other part, paragraph or subparagraph for the purpose of limitation.

F. Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

G. Unless otherwise stated, the use of the singular form of any word shall be construed to include the plural and vice versa as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

H. Unless otherwise stated, the terms "all" and "each" shall be construed as "all and each" as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

I. Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

J. As used herein, the term "identify" when used with reference to documents shall require a statement of the date thereof, the type of document, the author, and if different, the signer or signers, the addressee, the substance thereof, its present or last known location or custodian, and all the means of identifying it with sufficient particularity to satisfy the requirements for its identification in a motion for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure. If such document was, but is no longer, in the Defendants' possession or subject to her control, state the disposition which was made of it, the reason for such disposition, and the date thereof. The term "identify" when used with reference to a person means to give, to the extent known, the person's full name, telephone number, present or last known address, and, additionally, when referring to as natural person, the present and last known place of employment.

K. Where knowledge or information in YOUR possession is requested, the request extends to knowledge or information in the possession of YOUR predecessors and/or successors, as well as to information in the possession of YOUR officers, directors, agents, employees, servants, representatives and, unless privileged, attorneys.

Whenever an answer to these interrogatories calls for information which is not based upon YOUR personal knowledge, state the source and nature of such information.

## INTERROGATORIES:

1. Identify all communications from Third-Party Defendant CONCERNING Third-Party Defendant's claim to authorship of the PHOTOGRAPHS.

Dated: December 18, 2020

**BARSHAY SANDERS, PLLC**

By: /s Craig B. Sanders
Craig B. Sanders, Esquire
100 Garden City Plaza
Suite 500 Garden City, New York 11530
Tel. (516) 203-7600
Fax: (516) 706-5055
Our File No: [WMCODE.CASE_ID]
*Attorneys for Plaintiff*

To:

**WERGE LAW LLC**
Thomas E.M. Werge, Esq.
1627 N. Vine Street, Suite 200
Denver, CO 80206
Tel: (720) 507-5008
Email: tom@werge.law
*Attorneys for Defendants*

**THOMAS P. HOWARD LLC**
James Juo, Esq.
842 West South Boulder Road
Suite 100
Louisville, CO 80027
Email: jjuo@thowardlaw.com
*Attorney for Third Party Defendant
Jessica Moore*

8
**EXHIBIT 2**

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020 I caused to be served via electronic mail a copy of Plaintiff's First Amended Request for Interrogatories on:

**WERGE LAW LLC**
Thomas E.M. Werge, Esq.
1627 N. Vine Street, Suite 200
Denver, CO 80206
Tel: (720) 507-5008
Email: tom@werge.law
*Attorneys for Defendants*

**THOMAS P. HOWARD LLC**
James Juo, Esq.
842 West South Boulder Road
Suite 100
Louisville, CO 80027
Email: jjuo@thowardlaw.com
*Attorney for Third Party Defendant
Jessica Moore*

By: */s Craig B. Sanders*
Craig B. Sanders

**EXHIBIT 2**