UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON,

    Plaintiff / Counterclaim-Defendant/ Counterclaimant

v.

NOSRAK LLC and KASEY KING

    Defendants.

NOSRAK LLC

    Third-Party Plaintiff / Counterclaim-Defendant

v.

JESSICA MOORE

    Third-Party Defendant / Counterclaimant
    Counterclaimant-Defendant

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO THIRD-PARTY DEFENDANT JESSICA MOORE'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Landon Mondragon ("Mondragon"), by his counsel, Liebowitz Law Firm, PLLC, hereby answers and objects to Third-Party Defendant Moore's First Set of Interrogatories (the "Interrogatories," and each individually, a "Interrogatory") as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below,

Exhibt D

1

APP.014

and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendants is entitled to any response more specific than provided:

1. Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2. Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3. Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4. Plaintiff objects to the extent the information sought is already in Defendants', or third party's possession, custody or control, or is publicly available.

5. Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendants as for the Plaintiff.

6. Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7. Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8. Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9. In answering, these, Plaintiff does not waive and expressly reserves all objections.

10. The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

**SPECIFIC ANSWERS AND OBJECTIONS**

**Interrogatory No. 1**: *State whether Mondragon at any time prior to the filing of this Lawsuit informed anyone of any limitation on the use of any of the Asserted Photographs, and, if so, provide the facts surrounding all such communication(s), including the circumstances, date, time, place and manner of the same.*

**Answer to Interrogatory No. 1**: Plaintiff understood as of January 20, 2017 that Moore could only use the Photographs for personal, non-commercial use, such as on her own personal social media account, but she was not authorized by Plaintiff to distribute the Photographs to third-parties such as Nosrak.

**Interrogatory No. 2**: *State the criteria by which Mondragon selected the Listed Photographs for inclusion in the Asserted Copyright Registration.*

**Answer to Interrogatory No. 2**: The Listed Photographs were registered as part of a group registration of published photographs. All registered photographs were created by the same author, owned by the same copyright claimant and were published in the same calendar year.

**Interrogatory No. 3**: *Identify the date, nature and specimen of the first publication for each of the Listed Photographs in the Asserted Copyright Registration.*

**Answer to Interrogatory No. 3:** Plaintiff objects to Interrogatory No. 4 on grounds of Rule 33(d) of the Federal Rules of Civil Procedure and refers Defendant to the copyright registration itself, which is a matter of public record and equally accessible to Third-Party Defendant. Plaintiff further objects to Interrogatory No. 4 as being unintelligible as written.

**Interrogatory No. 4**:  *Describe the circumstances of every professional photography job or project undertaken by Mondragon as a professional photographer prior to the filing of this Lawsuit, including the date, participants in the photography job or project, who hired and/or paid Mondragon, the amount of payment, who made the payment, the photograph and the scope of use of the photograph, and the nature of the contract (whether written or oral).*

**Answer to Interrogatory No. 4**: Plaintiff objects to Interrogatory No. 4 on grounds of Rule 33(d) of the Federal Rules of Civil Procedure.  Plaintiff further objects on grounds that Interrogatory No. 4 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial with respect to photographs that are not at issue.  Subject to these objections, Plaintiff states that his photographs have been published in Vogue Magazine.  Plaintiff has also conducted photo shoots for third party commercial entities for which he was compensated.  Plaintiff has photographed various product shoots for apparel companies including a company called Skeltec.

**Interrogatory No. 5**:  *Identify all payments received by Mondragon for the use of any photograph including the amount and date such payment was made, the photograph for which payment was made, any conditions on the use of the photograph, and the registered copyright, if any, covering the photograph.*

**Answer to Interrogatory No. 5:** Plaintiff objects to Interrogatory No. 4 on grounds of Rule 33(d) of the Federal Rules of Civil Procedure.  Plaintiff further objects on grounds that Interrogatory No. 5 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial with respect to photographs that are not at issue. Accordingly, no further response is required.

**Interrogatory No. 6**:  *State the computation of each category of damages for each claim by Mondragon in this Lawsuit, including identification of the documents supporting each category of damages, and the legal basis for each category of damages.*

**Answer to Interrogatory No. 6**: Plaintiff estimates that the fair market value of each photograph, used for purposes of corporate branding and product sales is $2500.  As a measure of statutory damages under 17 U.S.C. 504(c), Plaintiff will seek a multiple of the lost licensing fee per work plus attorneys fees, costs and post-judgment interest.

**INTERROGATORY NO. 6:** *Describe all facts in support of your claim that you are the true owner of the copyright to the photograph identified in the Amended Complaint.*
**RESPONSE:** Plaintiff was the photographer who took the photographs identified in the Amended Complaint and is the copyright registrant of same.

Dated: Garden City, New York
      January 18, 2021

                                  **BARSHAY SANDERS, PLLC**

                                  By: /s Craig B. Sanders
                                  Craig B. Sanders, Esquire
                                  100 Garden City Plaza
                                  Suite 500 Garden City, New York 11530
                                  Tel. (516) 203-7600
                                  Fax: (516) 282-7878
                                  *Attorneys for Plaintiff*

<u>**VERIFICATION**</u>

I, LANDON MONDRAGON, hereby certify that I have read the foregoing responses and objections to Defendants' Nosrak's First Set of Interrogatories and attest them to be accurate based on my personal knowledge and/or good faith belief.

Dated: January 22, 2021

                                                    LANDON MONDRAGON

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2021 I caused to be served via electronic mail a copy of Plaintiff's Response to Third-Party Defendant Moore's Request for Interrogatories on:

**WERGE LAW LLC**
Thomas E.M. Werge, Esq.
1627 N. Vine Street, Suite 200
Denver, CO 80206
Tel: (720) 507-5008
Email: tom@werge.law
*Attorneys for Defendants*

**THOMAS P. HOWARD LLC**
James Juo, Esq.
842 West South Boulder Road
Suite 100
Louisville, CO 80027
Email: jjuo@thowardlaw.com
*Attorney for Third Party Defendant Jessica Moore*

By: /s *Craig B. Sanders*
Craig B. Sanders

6

APP.019