IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON
   Plaintiff / Counterclaim-Defendant / Counterclaimant

v.

NOSRAK LLC and KASEY KING,
   Defendants

---------------------------------------------------------

NOSRAK LLC,
     Third-Party-Plaintiff,
v.

JESSICA MOORE,
    Third-Party-Defendant / Counterclaimant / Counterclaim-Defendant.

---

**OPPOSITION TO MONDRAGON'S MOTION FOR REFUND OF SECURITY BOND**

---

   Counterclaimant/Counterclaim-Defendant Jessica Moore hereby opposes the motion filed by Plaintiff/Counterclaimant Landon Mondragon to refund the amount of $3,500 that had been paid by Mondragon's former counsel, Richard Liebowitz, for the security bond in order to allow the continued prosecution of the dubious claims in this copyright lawsuit. As a sanction against the vexatious litigation practices of Mondragon's counsel throughout this lawsuit, the Court should deem the $3,500 security bond forfeited under the Court's inherent authority or under 28 U.S.C. § 1927.

## I.    INTRODUCTION

This case is the product of Mr. Liebowitz's litigation practice of "dubious lawsuits that impose significant costs on defendants, purely for the purpose of extracting an unjustified settlement." [ECF 109] at 6. Mr. Liebowitz later withdrew from this case rather than abide by the Court's sanction, which would have required him to associate with experienced Colorado counsel. *Id*. at 4. He instead turned the case over to Craig Sanders, an attorney with a similar practice. *Id*. But the Court recognized that this case "retains the taint" of Mr. Liebowitz's slipshod litigation practices. *Id*. at 5. Indeed, Mr. Liebowitz later personally paid the $3,500 security bond so that this dubious lawsuit could continue. [ECF 115].

The money at stake here is not the client's, but counsel's—specifically, Mr. Liebowitz—although Mr. Sanders is now trying to claim the money for himself according to the proposed order that he submitted with this motion.

## II.    BACKGROUND

The allegations of copyright infringement will not be repeated here except where necessary to give context to the litigation history and misconduct by Mr. Mondragon's counsel.

### A.  The Parties

Mr. Mondragon (plaintiff) is a home contractor in Arizona who asserted in this lawsuit that he is a professional photographer. [ECF 1].

Nosrak, LLC (defendant) is a small Colorado business co-founded by Kasey King (co-defendant). [ECF 109] at 2.

Ms. Moore (third-party defendant) is a professional photographer who was hired by Nosrak to take photographs of its products. [ECF 134-10] at 12.

## B.  Litigation History

Mr. Mondragon sued Nosrak for copyright infringement with Mr. Liebowitz as counsel of record. [ECF 1]. After Mr. King attempted to represent Nosrak in the litigation, the complaint was amended to add Mr. King as a co-defendant. [ECF 20]. The Court would later find there was "no justification or basis for suing Mr. King personally" in this lawsuit. [ECF 109] at 7.

*Pro bono* counsel later was appointed for Nosrak and Mr. King. [ECF 32] & [ECF 34]. Afterwards, a summons for the third-party complaint by Nosrak was served on Moore. [ECF 76].

### 1.  Mondragon Switches Attorneys But "Retains the Taint"

In the meantime, Mr. Liebowitz was mismanaging the lawsuit with "corner-cutting and other slipshod practices" ([ECF 109] at 2) as Mondragon's counsel.

> Indeed, in this very case, [Magistrate Judge Neureiter] had to sanction Mr. Liebowitz for his failure to comply with pretrial court orders. See Dkt. #51. Rather than complying with the sanction, which would have required him to associate with experienced Colorado counsel to proceed with the case, Mr. Liebowitz withdrew from this and all his other District of Colorado cases, turning the matter over to current counsel, Craig Sanders.
>
> * * *
>
> Once Mr. Sanders entered his appearance, the Court held a status conference where Mr. Sanders conceded that prior to entering his appearance, he had not done complete due diligence on this case to determine the bona fides of his client's claims. Thus, despite Mr. Liebowitz's withdrawal from the case, it **retains the taint** of having its origin in Mr. Liebowitz's volume copyright practice technique of "file first—ask questions later."

[ECF 109] at 4 and 5 (emphasis added).

Indeed, after withdrawing from this action to avoid having to abide by the Court's sanction order, Mr. Liebowitz later paid a security bond in the amount of $3,500 on Mondragon's behalf. [ECF 115] and [ECF 126].

## 2. Mondragon's Infringement Claim Found "Dubious"

After appearing in this action in response to Nosrak's third-party complaint, Ms. Moore filed a motion to require Mr. Mondragon to post a security bond. [ECF 87]. On November 12, 2020, the Court found that Mr. Mondragon's copyright infringement claims were of "dubious merit," and that there was no basis to name Mr. King as a co-defendant. [ECF 109] at 7. The Court then ordered Mr. Mondragon to post a bond in the amount of $3,500 if he wanted to continue prosecuting this lawsuit. *Id*. at 8.

On November 20, 2020, Mr. Mondragon filed a Counterclaim against Moore for contributory copyright infringement based on the same facts as his dubious infringement claim against Nosrak. [ECF 112].

A few days later, on November 24, 2020, Mr. Liebowitz then paid the security bond that enabled this dubious lawsuit to continue. [ECF 115].

Then, on December 10, 2020, a joint motion was filed for Mondragon's claims against Nosrak and Mr. King to be dismissed with prejudice [ECF 123] where Mr. Mondragon received no payment from either Nosrak or Mr. King in exchange for the dismissal. Werge Decl. at ¶ 2.

The day before, however, the Court had ordered Mr. Mondragon or his counsel submit an affidavit with respect to several specific questions about Mr. Liebowitz's payment of the security bond and his continued involvement in this lawsuit. [ECF 121].

In response, Mr. Mondragon submitted a declaration [ECF 126] stating:

> In discussing this matter with Mr. Liebowitz prior to his posting of the bond on my behalf, I was advised that since the Court had been critical of him as well as the Liebowitz Law firm, in the order directing a cost bond be filed, he felt that it was appropriate under the circumstances to post the cost bond on my behalf.

4

Mr. Mondragon also averred that Mr. Sanders was appearing in this case "pursuant to the retainer agreement [that Mr. Mondragon] entered with the Liebowitz Law Firm." [ECF 126] at 2. But no copy of the retainer agreement was submitted, and their fee-sharing arrangement remains a mystery.

So, the $3,500 security bond paid for by former counsel, Mr. Liebowitz, allowed the current counsel. Mr. Sanders, to continue prosecuting dubious claims against Ms. Moore. But after Ms. Moore moved for summary judgment of no copyright infringement [ECF 134], Mr. Mondragon then approached Ms. Moore about settlement.

Mr. Mondragon agreed to pay Ms. Moore a monetary settlement; admit that Ms. Moore committed no acts of copyright infringement; admit that Ms. Moore co-owned the copyright asserted in this action; and dismiss his counterclaims against Ms. Moore <u>with</u> prejudice, while the dismissal of Ms. Moore's counterclaims against Mr. Mondragon was <u>without</u> prejudice. [ECF 139].

Now, even though it was Mr. Liebowitz who paid the $3,500 for the security bond, the motion seeks to have the bond refunded to Mr. Sanders with a check payable to "Barshay Sanders PLLC, as Counsel for Landon Mondragon." [ECF 141-1] (proposed order). Prior to the motion's filing, counsel for Moore informed Mondragon's counsel that this opposition would argue that the motion be denied as a sanction under the Court's inherent authority and 28 U.S.C. § 1927.

## III.    DISCUSSION

In view of the vexatious and slipshod litigation practices by both of Mondragon's counsel throughout this case, the Court should deem the $3,500 security bond forfeited as a sanction under the Court's inherent authority or under 28 U.S.C. § 1927.

### A.  28 U.S.C. § 1927

A court may sanction counsel who engages in vexatious litigation practices designed to burden an opponent. 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."). This is a sanction directly against counsel, not the client.

"Actions are considered vexatious and unreasonable . . . if the attorney's conduct constitutes a reckless disregard for the duty owed by counsel to the court." *Miller v. Bahakel Commc'ns, Ltd.*, No. 20-CV-0791-WJM-KMT, 2021 WL 662307, at *3 (D. Colo. Feb. 19, 2021) (quoting *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo. 2000)); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) ("Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care." (citation omitted)).

An attorney also can be sanctioned under § 1927 for "prolonging meritless claims." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006); *see also Shackelford*, 96 F. Supp. 2d at 1143 ("Section 1927 sanctions may be imposed where counsel persists in a position or in prosecution of a claim after it becomes clear that the position or claim is unfounded." (citing *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985)).

Subjective bad faith is not required to justify § 1927 sanctions. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008).

Whether to award § 1927 sanctions is a matter within the Court's discretion. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278–79 (10th Cir. 2005) (the district court did not abuse its discretion in *sua sponte* imposing a sanction).

### B.  Court's Inherent Authority

The Court also has the inherent power to fashion an appropriate sanction for abuses of the judicial process, and this inherent power to impose monetary sanctions is not displaced by statutes such as 28 U.S.C. § 1927. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Jamieson v. Hovel*, No. 1:20-cv-01122-WJM-KLM, 2021 WL 1564788, at *3 (D. Colo. Apr. 21, 2021) (ordering monetary sanctions against Mr. Liebowtiz personally under the court's inherent authority); *Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at *3–*4 (S.D.N.Y. July 10, 2019) (imposing sanctions on Mr. Liebowitz pursuant to court's inherent powers).

Furthermore, the Court has the inherent authority to release a cost bond to the parties who had to defend against dubious claims in litigation. *Lipin v. Wisehart*, No. 16-CV-00661-RBJ-STV, 2019 WL 7598626, at *2 (D. Colo. Apr. 18, 2019) (denying the return of the bond funds, holding "the purposes for this Court's exercise of its discretion to require the bond justify application of the bond funds towards the sanction award").

### C.  Sanctions Against Mondragon's Counsel for Vexatious Litigation

Here, the Court has already found that Mr. Mondragon's original counsel, Mr. Liebowitz, had failed to comply with pretrial court orders and was subject to the sanction of having to associate with experienced Colorado counsel to proceed with the case (*see* [ECF 51])—a sanction that Mr. Liebowitz avoided by withdrawing from this case and substituting another attorney, Mr. Sanders, under his retainer agreement with Mr. Mondragon (*see* [ECF 126] at ¶ 3). As for Mr. Sanders, the Court found that he also "had not done complete due diligence on this case to determine the bona fides of his client's claims," and the case thus "retains the taint" of Mr. Liebowitz's litigation practices. [ECF 109] at 5.

Moreover, even though he had withdrawn as counsel from this lawsuit to avoid the Court's sanctions, Mr. Liebowitz then volunteered to pay the $3,500 for the security bond ([ECF 115]) in order to enable the continued prosecution of claims that the Court had found to be of "dubious merit" ([ECF 109] at 7). Having initiated this lawsuit asserting dubious claims as part of his volume copyright practice, it is fitting for Mr. Liebowitz that the bond he paid for should be forfeit. If Mr. Liebowtiz "felt that it was appropriate under the circumstances to post the cost bond" ([ECF 126] at ¶ 1), then it should be appropriate for him to forfeit that bond.

Mr. Liebowitz voluntarily paid for the $3,500 bond, and apparently none of that money is owed to Mr. Mondragon, so that $3,500 is Mr. Liebowitz's money (although the proposed order suggests that Mr. Sanders believes it his money). Because the security bond consists of counsel's money rather than the client's—forfeiture of the bond would embody a sanction against Mr. Liebowitz and Mr. Sanders as counsel for multiplying these proceedings vexatiously under 28 U.S.C. § 1927 or the Court's inherent authority. *Miller*, 2021 WL 662307, at *2–*3 & *6 (granting a motion for sanctions against Mr. Liebowitz under 28 U.S.C. § 1927 and the Court's inherent authority); *Jamieson*, 2021 WL 1564788, at *3 ("Liebowitz's persistent abuse of the judicial process provides additional grounds for the Court to impose sanctions through its inherent authority to do so.").

The $3,500 bond that Mr. Liebowitz paid for enabled the continued litigation of proceedings that had been multiplied by new counterclaims against Ms. Moore that were based on the same operative facts as the dubious claims against Nosrak. Indeed, the original claims against Nosrak and Mr. King were dismissed with prejudice and no monetary settlement payment. Werge Decl. at ¶ 2. Because Nosrak and Mr. King were of such limited financial means that they qualified

for *pro bono* counsel, Mondragon's counsel apparently decided that Ms. Moore, a working professional photographer, had deeper pockets for them to pick. This was part of Mr. Liebowitz's standard practice of "dubious lawsuits that impose significant costs on defendants, purely for the purpose of extracting an unjustified settlement." [ECF 109] at 6. But Ms. Moore would not roll over, so Mr. Mondragon wound up having to pay Ms. Moore in settlement and admit there was no infringement. [ECF 139] at 2.

Now Mr. Sanders and/or Mr. Liebowitz are attempting to recover the bond that Mr. Liebowitz had paid for to enable the vexatious litigation of dubious claims. They are two peas in a pod.

Mr. Liebowitz has been sanctioned repeatedly both in this district and elsewhere for his litigation conduct. *Jamieson*, 2021 WL 1564788, at *3 (ordering sanctions for "Liebowitz's vexatious conduct"); *Ward v. Consequence Holdings, Inc.*, 2020 WL 2219070, at *3 (S.D. Ill. May 7, 2020) (sanctioning Liebowitz's "bad faith, frivolous attempt to harass [the defendant]"); *Usherson v. Bandshell Artist Mgmt.*, 2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020) (imposing a range of monetary and non-monetary sanctions on Mr. Liebowitz).

Mr. Sanders also has his own history of troubling litigation tactics. *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, No. 16-CV-7634 (JMF), 2018 WL 357298, at *2 n.2 (S.D.N.Y. Jan. 10, 2018) (noting that, as counsel, Mr. Sanders "engaged in some troubling litigation tactics"); *BWP Media USA, Inc. v. Busca Corp.*, No. 13-CV-2629-BEN (MDD), 2014 WL 12856014, at *7 (S.D. Cal. July 11, 2014) ("More troubling is the fact that counsel [Mr. Sanders] made significant and material misrepresentations of authority.").

As the party most affected by the inconvenience of having to defend against the continued litigation that the security bond was intended to protect against in this action (*see, e.g.*, [ECF 118-3]), the equitable result would be to release the $3,500 bond to Ms. Moore.[1] In any event, the bond should not be refunded to either Mr. Sanders or Mr. Liebowitz.

## IV.    CONCLUSION

Under the Court's inherent authority or 28 U.S.C. § 1927, the $3,500 security bond should be deemed forfeit as a sanction against the vexatious litigation practiced by both of Mondragon's counsel, Mr. Liebowitz (who paid the bond to enable the continued prosecution of dubious claims) and Mr. Sanders (who then continued to prosecute those dubious claims, and is now seeking to recover the bond), throughout this lawsuit. As the purpose of the security bond was to protect the other parties against the dubious claims of this lawsuit—which were vexatiously pursued after Mr. Liebowitz paid the bond—the equitable result would be to release the $3,500 amount of the bond to Ms. Moore as the party most affected by the continued litigation.

Dated:  April 29, 2021.

        *s/ James Juo*

James Juo
THOMAS P. HOWARD, LLC
842 W South Boulder Rd., #100
Louisville, CO 80027
jjuo@thowardlaw.com
303-665-9845

Counsel for Counterclaim-Defendant
Jessica Moore

---

[1] To the extent either Mr. Liebowitz or Mr. Sanders may argue that the settlement agreement between Mr. Mondragon and Ms. Moore resolved her claim to attorneys' fees, such an argument would be without merit. As previously discussed, forfeiture of the $3,500 security bond would be a sanction against <u>counsel</u> (Mr. Liebowitz or Mr. Sanders), and <u>not</u> their client, Mr. Mondragon, and thus outside of the settlement agreement.