UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:19-cv-1437-CMA-NRN

LANDON MONDRAGON,

*Plaintiff / Third-Party-Counter-Defendant*

v.

NOSRAK LLC, KASEY KING

*Defendants.*

___

NOSRAK LLC, KASEY KING

*Third-Party-Plaintiffs / Counter-Defendants.*

v.

JESSICA MOORE

*Third-Party-Defendant / Counterclaimant.*

---

**MONDRAGON'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR AN ORDER DIRECTING THE CLERK OF COURT TO REFUND THE SECURITY BOND**

---

Plaintiff Landon Mondragon ("Plaintiff"), via counsel, respectfully submits this reply in response to the objections of Counterclaimant/Counterclaim-Defendant Jessica Moore ("Moore") to Plaintiff's motion for a refund of his security bond.

**PRELIMINARY STATEMENT**

Moore's opposition to Plaintiff's request for a refund of the cost bond, which comes after the conclusion of a case in which the parties agreed as a part of the settlement to each bear their own costs for the proceeding, is not supported by any existing caselaw

1

and is itself quite specious. Indeed, and notably, in submitting her opposition, Moore fails to cite to any rule or judicial precedent where a Court declined to refund a security bond and retained same as a monetary sanction against counsel after the conclusions of a case in which there was no award of costs to any party. In so doing, Moore is effectively asking this Court to sanction Mr. Liebowitz without having provided him with notice and an opportunity to be heard.

In this regard, any affirmative request made by Moore in her opposition is procedurally improper and defective. Moore has failed to file a duly noticed motion for sanctions. Moore neither asked for, nor was granted, a security bond based on a request for sanctions pursuant to the Court's inherent power or section 1927. In fact, the conduct being complained of, *to wit*, mishandling of a revised Scheduling Order and Rule 26(a) disclosures [Dkt. No. 51] preceded Moore being impleaded into the case by the defendant Nosrak, LLC. Further, Magistrate Judge Neureiter declined to impose monetary sanctions against Mr. Liebowitz in connection with the incident, instead, finding a non-monetary sanction sufficient to satisfy the concerns raised.

As a substantive matter, Moore's opposition is baseless because there is no evidence that either Plaintiff or his counsel acted in bad faith during the course of this proceeding. This is critical, because the bond motion was not granted based on the Court's inherent power to sanction or under 28 U.S.C. §1927, both which require a showing and determination of "clear and convincing evidence" of bad faith.

## RELEVANT PROCEDURAL BACKGROUND

On September 17, 2020, Moore filed a motion asking the Court to impose a $5,000 bond for the following express four reasons:

2

> 1) "Plaintiff is a nonresident, and Colorado has a strong public policy requiring an out-of-state plaintiff to post a bond to maintain a lawsuit."
>
> 2) "Plaintiff is unlikely to prevail on his copyright infringement claim because Jessica Moore is the actual author of the photographs."
>
> 3) "Nosrak provided hats to be used as wardrobe and props for the asserted photographs in exchange for a license for Nosrak to use those photographs to advertise and promote Nosrak hats—and Plaintiff was aware of this arrangement."
>
> 4) "Because attorneys' fees may be awarded as costs under the Copyright Act, Plaintiff may have to pay attorneys' fees if he loses."

[Dkt. No. 87. pp. 1-2]. Moore's motion for a bond indicated that three (3) factors were to be considered by the Court in determining whether a bond was appropriate: 1) the merits of plaintiff's claims (that is, whether they are dubious); 2) the ability or willingness of the plaintiff to pay any costs which may be assessed; and 3) substantial costs which might be incurred by the defendant during preparation for trial. [Dkt. No. 87, pp. 4-5 (citing *Radoshevich v. Cent. Bank of Colorado Springs*, 117 F.R.D. 434, 435 (D. Colo. 1987)].

On September 18, 2020, defendants Nosrak LLC and Kasey King joined Moore in requesting a cost bond.

On October 8, 2020, Plaintiff filed opposition to the motion for a bond, demonstrating that his infringement claim was objectively reasonable, that Defendants were unlikely to be awarded attorneys' fees under the Copyright Act, and that any costs incurred would be nominal. [Dkt. No. 98]. Plaintiff opposed Moore's request for a cost bond in that no claims existed between Moore and Plaintiff at that time.

3

On November 12, 2020, Magistrate Judge Neureiter granted Defendant's motion in part, imposing a $3,500 bond (less than the $5,000 requested). Magistrate Judge Neureiter primarily cited the conduct of Plaintiff's <u>former</u> counsel, Richard Liebowitz, in <u>unrelated</u> cases, as the primary basis for imposing the bond. The Magistrate Judge also noted that he had already imposed non-monetary sanctions on Mr. Liebowitz in the present case, consisting of an Order for Mr. Liebowitz to associate with a Colorado-based attorney with at least five years experience practicing in this Court. [Dkt. #51 (declining to award monetary sanctions against Mr. Liebowitz)].

Significantly, the Magistrate Judge noted that "Ms. Moore moves to have Plaintiff, a nonresident of Colorado, post a cost bond as security <u>to assure eventual payment of costs that may be taxed against the plaintiff at the end of the case</u>." [Dkt. #109, p. 5 (underline added)] and also noted that "a meritless lawsuit will ultimately result in a cost award against plaintiff." [Dkt. #109, p. 6]. Based on Mr. Liebowitz's track record in unrelated cases, and Moore's self-serving affidavit, the Court found that Plaintiff's claim "appear of dubious merit." [Dkt. No. 109, p. 7]. Of course, these issues were never litigated because the parties settled the action. The Court also determined that because Plaintiff resides out of state, and because Defendants are "impecunious," a $3,500 bond was appropriate to proceed with the prosecution of the case. [Dkt. No. 109, p. 7].

At no point in Defendants or Moore's motion for a bond did they ask the Court to impose monetary sanctions against Plaintiff or his counsel pursuant to the Court's inherent power or under 28 U.S.C. § 1927. Similarly, on its face, Magistrate Judge Neureiter's decision imposing a $3,500 bond was not granted based on the Court's inherent power to sanction or under 28 U.S.C. §1927, both which require a showing of

4

"clear and convincing evidence" of bad faith.  Instead, the record shows that the Court's requirement of a bond was motivated primarily to mitigate the difficulties that may be associated with seeking recovery from an out-of-state plaintiff, should any such Order have issued—which it did not.  In other words, there is nothing in the record to show that the requirement of having Plaintiff post a bond had any punitive aspect to it.

On November 24, 2020, Plaintiff, via Richard Liebowitz, paid the $3,500 bond to the Clerk of Court in compliance with Magistrate Judge's order. [Dkt. No. 115].

On December 8, 2020, Moore filed a renewed motion for a cost bond seeking an additional $16,500 be posted by Plaintiff.  [Dkt. No. 118].

On December 10, 2020, Plaintiff and Defendant jointly moved to dismiss the claims between them.  [Dkt. No. 123].

On December 18, 2020, in his opposition to Moore's renewed motion for a $16,500 cost bond, based on the dismissal of the claims between Plaintiff and Defendant, Plaintiff requested the Court release the previously posted bond that had been ordered to be posted against any costs awarded to Defendant (not Moore).

On December 23, 2020, Judge Neureiter denied Moore's motion for a $16,500 cost bond, but decided to retain the $3,500 already posted on deposit with the Clerk of the Court.  Critically, in reaching that determination, Judge Neureiter held:

> Mr. Mondragon's claim to ownership of the images is neither frivolous nor of dubious merit. Mr. Mondragon asserts that he actually pressed the shutter on the camera and the camera which captured the images belonged to him.  He may have gotten advice on how to set up or position the camera and lighting from Ms. Moore, who was pictured in the photos, but that does not make Ms. Moore the owner or even a co-owner of the images. *See Malinowski v. Playboy Enter., Inc.*, 706 F. Supp. 611, 615 (N.D. Ill. 1989) ("For photographs the photographer is the creator of the work.") (citing *Burrow–Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 57–61(1884)). Mr. Mondragon's claim to ownership of the rights in the images seems as valid

5

as Ms. Moore's claim to ownership of those same images, if not more so. On the issue of the potential costs and attorney's fees in this case, the Parties and counsel need to be cognizant about what is at stake. These were a few pictures of a model in hats, published on the Instagram feed of a company that never sold a single hat and is no longer in business. The license for the use of these images, whether today or sometime in the future, is likely to be no more than a few hundred dollars at the very most. Spending tens of thousands of dollars in attorneys' fees, discovery, and other litigation costs over this kind of dispute makes zero sense. Wise counsel might suggest foregoing discovery altogether and simply trying the case. Wiser counsel would get their clients to settle. In the exercise of my discretion, and considering the various factors, including the fact that Mr. Mondragon's claim to ownership the images is not frivolous, and what is ultimately at stake in this case, I believe that the $3,500 bond already posted by Mr. Mondragon is adequate.

On March 9, 2021, Plaintiff filed a notice of settlement in this matter. [Dkt. No. 137].

On April 12, 2021, Plaintiff filed a joint motion to dismiss the counterclaims between Plaintiff and Moore.

On April 13, 2021, the Court entered an Order of Dismissal of the claims, following the parties' joint motion requesting such relief. [Dkt No. 140].

## ARGUMENT

**Point I**: **Moore Has Failed to Cite Any Authority Which Permits the Court to Order Forfeiture of a Security Bond Where Defendant Has Not Prevailed In the Underlying Action**

Moore's opposition to Plaintiff's request for a refund is unprecedented and not supported by *any* existing caselaw. Indeed, Moore has failed to cite to any rule or judicial precedent where a Court declined to refund a security bond as a monetary sanction against counsel—let alone in an instance where no such motion for sanctions has been filed.

Instead, Moore cites *to Lipin v. Wisehart*, No. 16-CV-00661-RBJ-STV, 2019 WL 7598626, at *1 (D. Colo. Apr. 18, 2019), where the Court was tasked with deciding how

6

to distribute the plaintiff's $10,000 security bond after the plaintiff's case was dismissed on summary judgment. The Tenth Circuit Court of Appeals then affirmed the dismissal and imposed $15,000 in sanctions against the plaintiff for filing a frivolous appeal. Turning to the bond, the issue was whether the district court could apply the $10,000 security bond to satisfy the $15,000 sanction award from the Circuit. In denying the plaintiff's request for refund of the bond, the district court noted that "if I had the inherent authority to require a cost bond in the first place, I have the discretion to apply the bond funds to reimburse part of the costs incurred by defendants in defending the same dubious claims on appeal." 2019 WL 7598626, at *2. In short, *Lipin* is about the reimbursement of costs derived from a previously-issued sanction award, not the imposition of future sanctions in the form of forfeiture.

Here, in contrast to *Lipin*, Moore is not asking the Court to decide how a security bond should be distributed after obtaining a judgment on the merits or an award of previous sanctions. Moore has not prevailed on summary judgment, and has not secured an award of sanctions against Plaintiff or his counsel. The instant case settled, and there is no evidence that Moore would have prevailed had the case proceeded to trial. Moore seeks to implement a kind of "bait-and-switch." Moore's motion for a bond was intended to secure reimbursement of costs in the event she prevailed in the underlying action. Now, having *not* prevailed, she is improperly using the bond request as a proxy to seek monetary sanctions against Plaintiff's counsel *ex post facto.* Due process of law does not permit the relief Moore seeks.

**Point II:** **Moore Has Failed to Present Clear and Convincing Evidence that Plaintiff's Counsel Acted in Bad Faith to Support Monetary Sanctions**

Even if Moore had filed a proper motion—which she has not—she would still not be entitled to the relief sought, insofar as her demand falls well short of the standard required to entitle her to the sanctions she seeks. In *Chambers v. NASCO, Inc.,* 501 U.S. 32, 33, 111 S. Ct. 2123, 2126, 115 L. Ed. 2d 27 (1991), the Supreme Court set forth the standard for imposing sanctions under the Court's inherent power:

> Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees. Although the "American Rule" prohibits the shifting of attorney's fees in most cases, an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as when the party practices a fraud upon the court, or delays or disrupts the litigation or hampers a court order's enforcement . . . Because of their very potency, inherent powers must be exercised with restraint and discretion.

*Chambers,* 501 U.S. at 33-34 (internal citations omitted).

Under Tenth Circuit law, "to use this inherent power to impose sanctions, most courts require a showing of 'bad faith' by clear and convincing evidence." *Hislop v. Paltar Petroleum Ltd.*, No. 17-CV-02371-RBJ, 2018 WL 5014123, at *8 (D. Colo. Oct. 16, 2018) *(citing Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015) (emphasis added). Accordingly, a finding of bad faith should not be based on "matters of assumptions and speculation." *Hislop,* 2018 WL 5014123, at *8. "Conduct amounts to 'bad faith' if it shows 'intentional or reckless disregard' of the rules." *Xyngular Corp. v. Schenkel*, 200 F. Supp. 3d 1273, 1301 (D. Utah 2016), *aff'd sub nom. Xyngular v. Schenkel*, 890 F.3d 868 (10th Cir. 2018).

8

Under § 1927, a district court may assess an award of fees against an attorney appearing before the court if (1) the actions of the attorney multiply the proceedings and (2) the attorney's actions are vexatious and unreasonable. *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) *(citation omitted).* An attorney's actions are considered vexatious and unreasonable under § 1927 if the attorney acted in bad faith. *Id. (citations omitited).* The power to assess costs against an attorney under § 1927, however, is a power that must be strictly construed and utilized only in instances evidencing a "serious and standard disregard for the orderly process of justice," *Id.* (quoting *Kietel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163, 1167 (7th Cir.1968))

Here, even if Moore's unprecedented request for forfeiture of the security bond was procedurally proper, Moore has failed to present *any* evidence that Mr. Liebowitz acted in bad faith. Moore's opposition brief fails to even argue that Mr. Liebowitz acted in bad faith during the course of this proceeding. This, despite conceding that a showing of bad faith is required to impose attorney sanctions under section 1927 [Dkt. No. 144, p. 6]. Notwithstanding, Moore abjectly fails to argue that Mr. Liebowitz acted in bad faith <u>in the context of this proceeding</u>. [Dkt. No. 144, pp. 7-8]. Instead, Moore proffers a series of straw man arguments, none of which lends to imposition of attorney sanctions under section 1927 or the Court's inherent power.

<u>First</u>, Moore claims that Mr. Liebowitz was previously sanctioned by Magistrate Judge Neureiter because Mr. Liebowitz did not timely submit a revised Scheduling Order or timely serve Rule 26(a) disclosures. [Dkt. No. 51, pp. 2-3]. Mr. Liebowitz also changed the dates on the revised Scheduling Order without the Court's approval. [*Id.*, p. 5]. For these violations, and based on Mr. Liebowitz's track record of being sanctioned in other

9

unrelated cases, the Magistrate Judge imposed non-monetary sanctions on Mr. Liebowitz requiring him to associate with Colorado counsel and advise other courts in this District of this sanction. [Dkt. No. 51, p. 31]. But the term "bad faith" is entirely absent from Magistrate Judge Neureiter's 32-page decision. In other words, Magistrate Judge Neureiter's non-monetary sanctions against Mr. Liebowitz were *not* based on a finding that Mr. Liebowitz had conducted himself in bad faith. Thus, Moore cannot rely on the previous sanctions issued by the Magistrate Judge to support her claim for sanctions under the Court's inherent power or section 1927, both of which require clear and convincing evidence of bad faith. That this occurred before Moore was even a party to the case makes her position even more dubious.

Second, Moore argues that because Mr. Liebowitz paid the $3,500 bond to the Clerk of Court on Plaintiff's behalf, it is appropriate that Mr. Liebowitz forfeit it. [Dkt. No. 144, p. 8]. Politely, this argument is circular and fallacious and should be rejected. Mr. Liebowitz paid the bond in compliance with the Court's Order which stated that the bond was intended to reimburse payment of costs to Defendant at the end of the case (assuming Defendant and not Moore prevailed). [Dkt. No. 109, p. 5] (noting that the purpose of the cost bond is as "security to assure eventual payment of costs that may be taxed against the plaintiff at the end of the case."). It is of no legal consequence that Mr. Liebowitz paid the bond (as opposed to Plaintiff) because Moore has failed to show that Mr. Liebowitz acted in bad faith during the course of this proceeding; especially during the course of the proceeding to which Moore was a party. As such, under the applicable

10

legal standards, forfeiture cannot be imposed under the Court's inherent power or section 1927, both of which require clear and convincing evidence of bad faith.[1]

<u>Third</u>, Moore argues that monetary sanctions are warranted because Plaintiff, via the undersigned counsel, filed counterclaims against Moore after Mr. Liebowitz withdrew as counsel. [Dkt. No. 144, p. 9]. But once again, Moore fails to argue that the assertion of those counterclaims was in bad faith or otherwise lacked merit. The counterclaims were never fully adjudicated, so it would violate Plaintiff's fundamental rights to use his counterclaims as a basis to impose attorney sanctions under the Court's inherent power or section 1927. Additionally, Judge Neureiter found Plaintiff's claims against Moore to be meritorious. Plaintiff's counterclaims were consistent with Plaintiff's allegations, as set forth in the Complaint, that he is the rightful owner of the photographs since Plaintiff is the person who actually took the photographs.[2] Because the parties settled those claims, it cannot be conclusively determined that such claims were objectively unreasonable or otherwise brought in bad faith.

<u>Finally</u>, Moore argues that the $3,500 bond should be forfeited in this case because Mr. Liebowitz has been sanctioned in other unrelated cases. [Dkt. No. 144, p.

---

[1] Plaintiff's motion asks the Court to direct the Clerk to refund the $3,500 security bond to Mr. Sanders, undersigned counsel, simply because Mr. Sanders remains Plaintiff's counsel of record in the case.

[2] Contrary to Moore's self-serving declaration that she owns the photographs because she "directed" Plaintiff to take the photographs, there was no evidence that Moore had taken steps to register the images with the Copyright Office or otherwise claim joint ownership of the photographs. Further, her sworn declaration [Dkt. No. 87-3] raises questions concerning her credibility, because she could not have plausibly controlled the lighting, composition, angles or exposure when she was not actually holding the camera at the time the photographs were created. At best, Moore raised a material issue of fact in dispute, but failed to show that Plaintiff's claim as the actual photographer was objectively unreasonable.

9]. However, federal courts have noted that it is improper to sanction Mr. Liebowitz for conduct which occurred in cases not before the presiding judge.

For example, in *Campbell v. Gray Television, Inc.*, 3:20-cv-469-RLM-MGG (N.D. Indiana), the district court denied the defendant's motion to compel Mr. Liebowitz to file an affidavit concerning copyright registration materials and his client's authorization to appear. The court noted a pattern of conduct in Mr. Liebowitz's other cases, but found that sanctions were not warranted in that case because there was no evidence of misconduct in the case before the court:

> Defendant has not presented evidence—direct or indirect—of misconduct by Attorney Liebowitz in this case. Defendant's requests amount to sanctions for misconduct in other cases that this Court will not abide. As they say, past performance is no guarantee of future results. This Court need not sanction Liebowitz for his past misconduct because other courts have already done so. Until evidence of misconduct in this case arises, the Court can only assume that Liebowitz is complying with all the applicable procedural rules and all his ethical obligations as an attorney practicing in this Court.

*See* Order dated December 18, 2020.

Similarly, in *Farrington v. InfoWars, LLC*, 1:20-cv-332-LY (W.D. Tex.), the court denied the defendant's motion to compel mediation after noting that "that Liebowitz's litigation style elicits strong, across-the-board sentiments depending on differing perspectives." (citing a Slate.com article which describes Mr. Liebowitz as both "the scourge of the media industry" and "the salvation of the underpaid photographer"). Judge Yeakel therefore denied the motion after finding that "Liebowitz's character has to date not been in question in this case and will therefore decline to grant the motion to compel mediation." *See* Order dated October 23, 2020.

Here, there is no evidence that Mr. Liebowitz acted in bad faith in this proceeding and Moore has failed to even argue that Mr. Liebowitz acted in bad faith. Moreover, Magistrate Judge Neureiter already imposed non-monetary sanctions against Mr. Liebowitz pertaining to his mistakes regarding the revised Scheduling Order and Rule 26 disclosures. Thus, there would no justifiable basis to sanction Mr. Liebowitz *twice* based on the same allegations of misconduct.

Significantly, Magistrate Judge Neureiter already declined to award monetary sanctions against Mr. Liebowitz in connection with Mr. Liebowitz's failures relating to the revised Scheduling Order and Rule 26 disclosures [Dkt. No. 51] and Moore, who was not even a party to the case at the time, did not (and could not) file a motion for reconsideration of that order. Under these circumstances, it would be inappropriate to award monetary sanctions in the form of a forfeiture of the security bond.

## **CONCLUSION**

Defendant's opposition to Plaintiff's motion to release a cost bond, which had been posted solely against the possibility of an award of costs by the Court, following a dismissal of this case without costs to either party is itself the type of conduct for which sanctions are imposed, to wit, unnecessarily multiplying the proceedings with vexatious and unreasonable filings. However, rather than respond in kind, and in recognition that this case should be closed, Plaintiff simply and respectfully requests that the Court enter an Order directing the Clerk of Court to refund the $3,500 security bond.

Dated: May 4, 2021
      Garden City, New York

Respectfully submitted:

BARSHAY SANDERS PLLC

/s/ Craig B. Sanders
Craig B. Sanders
100 Garden City Plaza
Suite 500
Garden City, NY 11530
516-203-7600
Fax: 516-282-7878
Email: csanders@barshaysanders.com

14